UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

D-1    UMAR FAROUK ABDULMUTALLAB,

    Defendant.

CRIMINAL NO. 2:10-cr-20005

HONORABLE NANCY G. EDMUNDS

VIO:  18 U.S.C. § 2332a(a)(2)
       18 U.S.C. § 2332b(a)(1)
       18 U.S.C. § 2332b(a)(2)
       18 U.S.C. § 1113
       49 U.S.C. § 46506
       18 U.S.C. § 32(a)(1)
       18 U.S.C. § 32(a)(2)
       18 U.S.C. § 32(a)(8)
       18 U.S.C. § 924(c)(1)(A)
       18 U.S.C. § 924(c)(1)(C)(ii)
       18 U.S.C. § 924(c)(1)(B)(ii)

_____/

## FIRST SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES THAT:

### COMMON ALLEGATIONS

1.    Defendant Umar Farouk Abdulmutallab is a Nigerian national. In August 2009, defendant Abdulmutallab traveled to Yemen for the purpose of becoming involved in violent "jihad" on behalf of Al Qaeda. Al Qaeda is a designated terrorist organization, pursuant to 18 U.S.C. §§ 2339B(a)(1) and 8 U.S.C. § 1189(a).

2.    In preparation for a suicide attack, defendant Abdulmutallab practiced detonating explosive devices similar to one which he later received for an attack on a U.S. airliner.

3.    Subsequently, defendant Abdulmutallab received a bomb (hereinafter, "the Bomb") for his mission. The Bomb contained Pentaerythritol Tetranitrate (also known as "PETN") and

Triacetone Triperoxide (also known as "TATP"), each of which is a high explosive, and each of which is thus an "explosive" within the meaning of section 921(a)(4) of Title 18, United States Code. The Bomb was concealed inside a pair of underwear, which allowed defendant Abdulmutallab to wear it while traveling. The Bomb was designed to allow defendant Abdulmutallab to detonate it at a time of his choosing, and to thereby cause an explosion onboard an airliner. The Bomb constituted a "destructive device" within the meaning of section 921(a)(4) of Title 18, United States Code, that is, a bomb containing an explosive; the Bomb also constituted a "weapon of mass destruction" within the meaning of Section 2332a(c)(2)(A) of Title 18, United States Code, that is, a destructive device; and the Bomb also constituted a "firearm" within the meaning of Section 921(a)(3) of Title 18, United States Code, that is, a destructive device.

4. After he received the Bomb, defendant Abdulmutallab maintained possession of it by wearing the underwear in which it was concealed in various countries in the Middle East, Africa and Europe, as he traveled as part of an eventual trip to the United States.

5. On December 25, 2009, defendant Abdulmutallab boarded Northwest flight 253 (hereinafter "Flight 253"), in Amsterdam, the Netherlands. At all times material to this Indictment, Northwest Airlines was a subsidiary of Delta Airlines, a United States commercial airline. Delta Airlines operated flights under both the Delta and Northwest Airlines names.

6. Defendant Abdulmutallab boarded Flight 253 wearing the Bomb concealed in his underwear. Defendant Abdulmutallab's purpose in taking the Bomb on board Flight 253 was to detonate it during flight, causing the plane to crash and thereby kill all passengers on board, as he had been directed.

7. Flight 253 departed Amsterdam, the Netherlands, on December 25, 2009, flying non-

stop to Detroit Metropolitan Airport, Romulus, Michigan, carrying 281 passengers and 11 crew members. The passengers and crew of Flight 253 included nationals of the United States as well as nationals of other nations. At all times material to this Indictment, Flight 253 was in the "special aircraft jurisdiction of the United States" within the meaning of section 46501(2)(A) of Title 49, United States Code, that is, it was a civil aircraft of the United States in flight. The aircraft constituting Flight 253 was a "facility of interstate and foreign commerce," within the meaning of Section 2332a(a)(2)(A) of Title 18, United States Code.

8. Shortly before landing, defendant Abdulmutallab went to the bathroom and upon returning to his seat, stated that his stomach was upset and then pulled a blanket over himself. As the aircraft continued its descent, and in airspace over the United States and the Eastern District of Michigan (a position northeast of Woodhaven, Michigan), defendant Abdulmutallab detonated the Bomb, which resulted in a fire. Defendant Abdulmutallab was subdued and restrained by passengers and flight crew. The aircraft landed at Detroit Metropolitan Airport shortly thereafter.

9. Venue is proper in the Eastern District of Michigan.

## COUNT ONE

(18 U.S.C. §§ 2332b(a)(1) and 2332b(a)(2) – CONSPIRACY TO COMMIT AN ACT OF TERRORISM TRANSCENDING NATIONAL BOUNDARIES)

D-1   UMAR FAROUK ABDULMUTALLAB

1. The Common Allegations are incorporated by reference as if set forth in full herein.

2. From in or about the year 2009, continuing up to and including December 25, 2009, defendant Umar Farouk Abdulmutallab, and others whose names are both known and unknown to the grand jury, conspired to engage in an act of terrorism transcending national boundaries, involving

conduct which was in violation of the laws of the United States. The unlawful conduct included the attempt to kill the other persons on board Flight 253, and created a substantial risk of serious bodily injury to those other persons by attempting to destroy or damage a conveyance, that is, the aircraft constituting Flight 253.

3. In engaging in the unlawful conduct set forth in Paragraph Two of this Count, the following circumstances occurred: a facility of interstate and foreign commerce, that is, the aircraft constituting Flight 253, was used in furtherance of the offense, and the offense obstructed, delayed, and affected interstate and foreign commerce.

In violation of Sections 2332b(a)(1) and 2332b(a)(2) of Title 18, United States Code.

## COUNT TWO

(18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(B)(ii) and 924(c)(1)(C)(ii) –
POSSESSION OF A FIREARM/DESTRUCTIVE DEVICE IN
FURTHERANCE OF A CRIME OF VIOLENCE)

1. The Common Allegations are incorporated by reference as if set forth in full herein.

2. From in or about the month of December 2009, up to and including December 25, 2009, defendant Umar Farouk Abdulmutallab knowingly possessed a firearm, that is, the Bomb, which firearm also constituted a destructive device, by wearing the Bomb inside his clothing in furtherance of a crime of violence for which he may be prosecuted in a court of the United States, that is, Conspiracy to Commit an Act of Terrorism Transcending National Boundaries, in violation of Section 2332b of Title 18, United States Code, as alleged in Count One of this Superseding Indictment.

In violation of Sections 924(c)(1)(A), 924(c)(1)(B)(ii), and 924(c)(1)(C)(ii) of Title 18, United States Code.

## COUNT THREE

(18 U.S.C. § 1113, 49 U.S.C. § 46506 – ATTEMPTED MURDER WITHIN
THE SPECIAL AIRCRAFT JURISDICTION OF THE UNITED STATES)

D-1   UMAR FAROUK ABDULMUTALLAB

1. The Common Allegations are incorporated by reference as if set forth in full herein.

2. On or about December 25, 2009, within the special aircraft jurisdiction of the United States, defendant Umar Farouk Abdulmutallab attempted to murder the other passengers and the crew of Flight 253 by detonating the Bomb.

In violation of Section 1113 of Title 18, United States Code, and Section 46506 of Title 49, United States Code.

## COUNT FOUR

(18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(B)(ii), and 924(c)(1)(C)(ii) –
USE AND CARRYING OF A FIREARM/DESTRUCTIVE DEVICE
DURING AND IN RELATION TO A CRIME OF VIOLENCE)

1. The Common Allegations are incorporated by reference as if set forth in full herein.

2. On or about December 25, 2009, defendant Umar Farouk Abdulmutallab knowingly used and carried a firearm, that is, the Bomb, which firearm also constituted a destructive device, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, Attempted Murder Within the Special Aircraft Jurisdiction of the United States, as alleged in Count Three of this Superseding Indictment.

In violation of Sections 924(c)(1)(A), 924(c)(1)(B)(ii) and 924(c)(1)(C)(ii) of Title 18, United States Code.

## COUNT FIVE

(18 U.S.C. § 32(a)(2) – WILLFULLY PLACING A DESTRUCTIVE
DEVICE IN, UPON AND IN PROXIMITY TO A CIVIL AIRCRAFT
WHICH WAS USED AND OPERATED IN INTERSTATE, OVERSEAS
AND FOREIGN AIR COMMERCE, WHICH WAS LIKELY TO HAVE
ENDANGERED THE SAFETY OF SUCH AIRCRAFT)

D-1    UMAR FAROUK ABDULMUTALLAB

1. The Common Allegations are incorporated by reference as if set forth in full herein.

2. On or about December 25, 2009, defendant Umar Farouk Abdulmutallab willfully placed a destructive device, that is, the Bomb, in, upon, and in proximity to the aircraft used for Flight 253, which was a civil aircraft used and operated in interstate, overseas and foreign air commerce. The act of placing the Bomb was likely to have endangered the safety of Flight 253.

In violation of Section 32(a)(2) of Title 18, United States Code.

## COUNT SIX

(18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(B)(ii) and 924(c)(1)(C)(ii) –
POSSESSION OF A FIREARM/DESTRUCTIVE DEVICE IN
FURTHERANCE OF A CRIME OF VIOLENCE)

1. The Common Allegations are incorporated by reference as if set forth in full herein.

2. On or about December 25, 2009, defendant Umar Farouk Abdulmutallab knowingly possessed a firearm, that is, the Bomb, which firearm also constituted a destructive device, by wearing the Bomb inside his clothing in furtherance of a crime of violence for which he may be prosecuted in a court of the United States, that is, Willfully Placing a Destructive Device In, Upon and In Proximity to a Civil Aircraft Which Was Used and Operated in Interstate, Overseas, and

Foreign Air Commerce, Which Was Likely to Have Endangered the Safety of Such Aircraft, as alleged in Count Five of this Superseding Indictment.

In violation of Sections 924(c)(1)(A), 924(c)(1)(B)(ii), and 924(c)(1)(C)(ii) of Title 18, United States Code.

## COUNT SEVEN

(18 U.S.C. § 2332a(a)(2) – ATTEMPTED USE OF A WEAPON OF MASS DESTRUCTION)

D-1     UMAR FAROUK ABDULMUTALLAB

1. The Common Allegations are incorporated by reference as if set forth in full herein.

2. On or about December 25, 2009, defendant Umar Farouk Abdulmutallab, without lawful authority, knowingly used and attempted to use a weapon of mass destruction, that is, the Bomb, against a person within the United States, that is, the passengers and crew of Flight 253, and against property within the United States, that is the aircraft used for Flight 253. Defendant Abdulmutallab used a facility of interstate and foreign commerce, that is, the aircraft constituting Flight 253, in furtherance of the offense; defendant Abdulmutallab traveled in interstate and foreign commerce in furtherance of the offense; and the results of the offense affected interstate and foreign commerce.

In violation of Section 2332a(a)(2) of Title 18, United States Code.

## COUNT EIGHT

(18 U.S.C. §§ 32(a)(8) and 32(a)(1) – (WILLFUL ATTEMPT TO DESTROY AND WRECK A CIVIL AIRCRAFT )

D-1   UMAR FAROUK ABDULMUTALLAB

1.   The Common Allegations are incorporated by reference as if set forth in full herein.

2.   On or about December 25, 2009, defendant Umar Farouk Abdulmutallab attempted to willfully destroy and wreck the aircraft constituting Flight 253, which was a civil aircraft used and operated in interstate, overseas and foreign air commerce.

In violation of Sections 32(a)(8) and 32(a)(1) of Title 18, United States Code.

THIS IS A TRUE BILL

s/Grand Jury Foreperson
FOREPERSON

BARBARA L. McQUADE
United States Attorney

s/ Jonathan Tukel
JONATHAN TUKEL (P41642)
Assistant U.S. Attorney
Chief, National Security Unit
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9749
Email: Jonathan.Tukel@usdoj.gov

s/Michael C. Martin
MICHAEL C. MARTIN
Assistant U.S. Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9670
Email: Michael.C.Martin@usdoj.gov

s/Cathleen Corken
CATHLEEN CORKEN
Assistant U.S. Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-0206
Email: Cathleen.Corken@usdoj.gov

Dated: December 15, 2010

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number<br>10-20005 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

**Reassignment/Recusal Information** This matter was opened in the USAO prior to August 15, 2008  [ ]

| **Companion Case Information** | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes    ☒ No | AUSA's Initials: |

Case Title: USA v.  UMAR FAROUK ABDULMUTALLAB

County where offense occurred :  Wayne County

Check One:       ☒ Felony       ☐ Misdemeanor       ☐ Petty

____Indictment/____Information --- no prior complaint.
____Indictment/____Information --- based upon prior complaint [Case number:____]
  X  Indictment/____Information --- based upon LCrR 57.10 (d) [Complete Superseding section below].

**Superseding Case Information**

Superseding to Case No:  10-20005                              Judge:  Edmunds

☐   Original case was terminated; no additional charges or defendants.
☐   Corrects errors; no additional charges or defendants.
☐   Involves, for plea purposes, different charges or adds counts.
☒   Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| Umar Farouk Abdulmutallab | 18 U.S.C. §§ 2332b(a)(1) and 2332b(a)(2)<br>18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(B)(ii) and 924(c)(1)(C)(ii) | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

December 15, 2010
   Date

JONATHAN TUKEL
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone:  (313) 226-9749
Fax: (313) 226-3413
E-Mail address: Jonathan.Tukel@usdoj.gov

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

10/13/09