UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                    No. 10-20005

v.

                                    HON. NANCY G. EDMUNDS

UMAR FAROUK ABDULMUTALLAB,

        Defendant.
_____/

### GOVERNMENT'S MOTION FOR PROTECTIVE ORDER

The United States of America respectfully moves pursuant to Federal Rule of Criminal Procedure 16(d)(1) and the Classified Information Procedures Act ("CIPA"), 18 United States Code, App. 3 § 4, for a protective order precluding the discovery of certain classified information and precluding the defendant from inquiring of certain subjects during the cross-examination of government witnesses, because cross-examination of these subjects may result in the disclosure of classified information.[1] The classified information that the government seeks to

---

[1] The government has filed a separate, classified version of this motion *in camera* and *ex parte* with the assigned Court Security Officer, United States Department of Justice.

protect is either not exculpatory, is privileged, or otherwise not discoverable. The government also moves for an *in camera, ex parte* hearing on the government's motion.

## BACKGROUND

On December 25, 2009, the defendant boarded Northwest Airlines Flight 253 in Amsterdam, Netherlands, bound for Detroit, Michigan. Hidden in the defendant's underwear was a bomb consisting of Triacetone Triperoxide (also known at "TATP") and Pentaerythritol Tetranitrate (also known as "PETN"), both of which are high explosives.

As the aircraft began its descent over the United States, the defendant detonated the bomb, resulting in a loud noise, smoke and fire. As the fire burned in the defendant's lap and seating area, passengers and flight attendants reacted by putting out the fire with extinguishers and subduing the defendant.

On December 15, 2010, the defendant was charged in a superseding indictment with one count of conspiracy to commit an act of terrorism transcending national boundaries, in violation of 18 U.S.C. § 2332b(a)(1) and (2), one count of attempted murder, in violation of 18 U.S.C. § 1113, one count of willfully placing a destructive device in proximity to a civil aircraft, in violation of

18 U.S.C. § 32(a)(2), one count of attempted use of a weapon of mass destruction, in violation of 18 U.S.C. § 2332a(a)(2), one count of willfully attempting to destroy and wreck a civil aircraft, in violation of 18 U.S.C. § 32(a)(1) and (8), and three counts of possessing or using a destructive device in furtherance of or during a crime of violence, in violation of 18 U.S.C. § 924(c).

## ARGUMENT

### I. Federal Law Permits the Government to Move *In Camera* and *Ex Parte* for an Order Restricting Discovery

Federal Rule of Criminal Procedure 16(d)(1) provides that "[a]t any time, the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief," and that "[t]he court may permit a party to show good cause by a written statement that the court will inspect ex parte." According to the Advisory Committee Notes, "[a]mong the considerations to be taken into account" when deciding a motion under Rule 16(d)(1) is "the protection of information vital to the national security." Rule 16 Advisory Committee Notes, 1966 Amendments, Subdivision (e).

Congress also provided a mechanism in CIPA for the government to move *in camera* and *ex parte* for permission to restrict discovery of classified

information. The purpose of CIPA is "to protect classified information from unnecessary disclosure at any stage of a criminal trial." *United States v. O'Hara*, 301 F.3d 563, 568 (7th Cir.), *cert. denied*, 537 U.S. 1049 (2002). As the Sixth Circuit explained: "[t]he Act permits the government to have the trial court examine classified information *in camera* and *ex parte* and determine whether it is necessary for the defense." *United States v. Smith*, 899 F.2d 564, 565 n.1 (6th Cir.), *cert. denied*, 498 U.S. 848 (1990). Specifically, CIPA Section 4 states that the government may seek permission to restrict discovery and that "[t]he court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone." CIPA Section 4 was enacted "to clarify[] the court's powers under Federal Rule of Criminal Procedure 16(d)(1) . . . because some judges have been reluctant to use their authority under the rule." S. Rep. No. 96-823, 96th Cong.2d Sess. at 6 (1980).

CIPA's legislative history also makes clear that Congress viewed the *ex parte* nature of the proceeding to be important. As the House of Representatives explained, "since the government is seeking to withhold classified information from the defendant, an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules." H.R. Rep. No. 96-831, pt. 1, 96th

4

Cong.2d Sess. at 27 n. 22 (1980). The same is true with respect to Rule 16(d)(1): "it would defeat the purpose of the protective order if the government were required to make its showing in open court. The problem arises in its most extreme form where matters of national security are involved." Rule 16 Advisory Committee Notes, 1966 Amendments, Subdivision (e).

Several courts have upheld the *in camera* and *ex parte* nature of motions under Rule 16(d)(1) and CIPA Section 4. *United States v. Mejia*, 448 F.3d 436, 457-58 (D.C.Cir. 2006), *cert. denied*, 127 S.Ct. 989 (2007); *O'Hara*, 301 F.3d at 568; *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988); *United States v. Pringle*, 751 F.2d 419, 427 (1st Cir. 1984); *United States v. Porter*, 701 F.2d 1158, 1162 (6th Cir.), *cert. denied*, 464 U.S. 1007 (1983); *United States v. Abujihaad*, 2007 WL 2972623, *1 (D.Conn. 2007); *United States v. Libby*, 429 F.Supp.2d 46, 47 (D.D.C. 2006); *United States v. Jolliff*, 548 F.Supp. 229, 232 (D.Md. 1981). In addition, courts have recognized that although Rule 16(d)(1) and CIPA Section 4 speak only of the government submitting a written statement, "*ex parte, in camera* hearings in which government counsel participates to the exclusion of defense counsel are part of the process that the district court may use," particularly "if the court has questions about the confidential nature of the

information or its relevancy." *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998), *cert. denied*, 528 U.S. 842 (1999); *see also United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008).

>    II.  **The Government's Classified Information Privilege Can Preclude Discovery of Relevant Evidence**

In federal courts, the application of evidentiary privileges is generally governed by the common law. Fed. R. Evid. 501. The government possesses a common law privilege in classified information. This privilege is similar to that adopted for confidential informants by the Supreme Court in *Roviaro v. United States*, 353 U.S. 53 (1957). In *Roviaro*, the Supreme Court recognized the government's privilege in protecting the identity of confidential informants, but held that "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60-61.

The Sixth Circuit has explained that under *Roviaro*, the government is required to disclose information "only upon a showing by the defendant that disclosure is essential to a fair trial." *United States v. Moore*, 954 F.2d 379, 381 (6th Cir.1992). The privileged information must be "necessary," "essential," or

"critical" to the defense in order for the privilege to be breached. *Badley v. United States*, 48 Fed. Appx. 163, 167 (6th Cir. 2002) (unpublished); *United States v. Coffelt*, 960 F.2d 150 (6th Cir. 1992), *cert. denied*, 506 U.S. 1083 (1993) (unpublished). This standard has been "repeatedly required" by the Sixth Circuit. *Badley*, 48 Fed. Appx. at 167.

In an order granting the government's motion for protective order under CIPA that was filed in another case, this Court adopted the *Roviaro* standard for deciding protective orders under CIPA because after a thorough review of the case law, "[t]his Court is of the opinion that the Sixth Circuit would adopt the 'relevant and helpful to the defense' standard as well." *United States v. Hamama*, 2010 WL 330375, *3 (E.D.MI 2010).

In doing so, this Court joined several other courts that have applied the *Roviaro* standard in cases involving classified information. *See United States v. Moussaoui*, 382 F.3d 453, 471-72 (4th Cir. 2004) ("In the CIPA context, we have adopted the standard articulated by the Supreme Court in *Roviaro* for determining whether the government's privilege in classified information must give way."); *United States v. Yunis*, 867 F.2d 617, 622 (D.C. Cir. 1989); *United States v. Smith*, 780 F.2d 1102, 1110 (4th Cir. 1985) (en banc); *Klimavicius-Viloria*, 144 F.3d at

1261; *Pringle*, 751 F.2d at 428.

    **III.**    **The Classified Information at Issue Should Not be Disclosed to the Defense**

[REDACTED]

<u>**CONCLUSION**</u>

For all of the foregoing reasons, the government's motion for hearing and a protective order should be granted.

                        Respectfully submitted,

                        BARBARA L. MCQUADE
                        United States Attorney

| s/Jonathan Tukel | s/Cathleen M. Corken |
|---|---|
| Assistant United States Attorney | Assistant United States Attorney |
| Chief, National Security Unit | 211 W. Fort Street, Suite 2001 |
| 211 W. Fort Street, Suite 2001 | Detroit, MI 48226 |
| Detroit, MI 48226 | Phone: (313) 226-9100 |
| Phone: (313) 226-9100 | Email: Cathleen.Corken@usdoj.gov |
| Email: Jonathan.Tukel@usdoj.gov | |

s/Michael C. Martin
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9100
Email: Michael.C.Martin@usdoj.gov

Dated: August 5, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2011, I caused a copy of the foregoing document to be delivered and mailed to the defendant, Umar Farouk Abdulmutallab, Reister No. 44107-039, Federal Detention Center, East Arkona Road, Milan, Michigan. I further certify that I filed the foregoing document on the ECF system, which will send notice to Anthony Chambers.

                                        s/Michael C. Martin
                                        Assistant United States Attorney
                                        211 W. Fort Street, Suite 2001
                                        Detroit, MI  48226
                                        Phone:  (313) 226-9100