**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,
               Plaintiff,               CRIMINAL NO.  2:10-CR-20005
                                        HONORABLE NANCY G. EDMUNDS

         v.

 D-1, UMAR FAROUK ABDULMUTALLAB,
               Defendant.
_____/

## MOTION FOR DISCLOSURE OF GRAND JURY TRANSCRIPTS AND EXHIBITS

NOW COMES the Defendant, UMAR FAROUK ABDULMUTALLAB ("Defendant ABDULMUTALLAB"), by and through standby-by counsel, ANTHONY T. CHAMBERS, and moves this Honorable Court to issue an order requiring the government to disclose grand jury testimony in the instant matter.

In support of said Motion, standby counsel further states as follows:

1.   That Defendant ABDULMUTALLAB is charged with several serious offenses. Some of which include attempted use of a Weapon of Mass Destruction, 18 U.S.C. § 2332a(a)(2), and Conspiracy to Commit an Act of Terrorism Transcending National Borders, 18 U.S.C. §§ 2332b(a)(1) and 2332b(a)(2).

2.   That a motion for pretrial disclosure of grand jury testimony is governed by Fed. R. Crim. P. 6(e).

3.   That the relevant portions of Fed. R. Crim. P. 6(e)(3)(E) state: the court may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of a grand jury matter:

     i.   Preliminarily to or in connection with a judicial proceeding;

      ii.  At the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury.

4.  Disclosure of grand jury testimony is a matter left to the considered discretion of the trial judge. Fed. R. Crim. P. 6(e).

5.  Grand jury testimony is ordinarily confidential, but after the grand jury's functions are ended, disclosure is wholly proper where the ends of justice require it. *United States v. Socony-Vacuum Oil Co.,* 310 U.S. 150, 233, 60 S.Ct. 811, 849 (1940).

6.  The Supreme Court has held that disclosure of grand jury testimony is permissible when a compelling necessity is demonstrated by establishing a "particularized need." *United States v. Proctor & Gamble Co*., 356 U.S. 677, 78 S.Ct. 983 (1958).

7.  That the transcripts standby counsel is requesting is not considered Jencks material.

8.  That the Jencks Act does not apply to a motion for pretrial disclosure of a grand jury transcript. *United States v. Glassman*, 562 F.2d 954, 957 (5th Cir. 1977).

9.  That additionally, standby counsel has found inconsistent statements made by federal agents in their various reports. It is imperative for defense purposes that we are knowledgeable as to what statements/versions of the facts different agents testified to during the grand jury proceedings.

10. That it is likely that certain witnesses embellished facts and contradicted their own reports when testifying before the grand jury.

11. That there is a strong need to prevent not only untruthful testimony but also inconsistent testimony amongst federal agents and government witnesses.

12. That preventing untruthful and inconsistent testimony amongst potential witnesses is not only necessary for the integrity of the Court but is also a particularized need of Defendant ABDULMUTALLAB.

13. That these potential inconsistent statements will assist the defense in impeaching witnesses and will allow the defense an opportunity to more effectively and efficiently cross-examine witnesses.

14. That there is no need for secrecy in the instant matter. The testimony that the grand jury relied on in reaching a determination must be produced considering the overall depth of this case, and the particularized need of the Defendant.

15. That there are potentially hundreds of witnesses in this case that the government could use during their case-in-chief.

16. That the trial has the potential to last for several weeks.

17. That the production of grand jury testimony will assist the court in terms of efficiency because it will eliminate the need for unnecessary cross-examination on particular issues. With the grand jury testimony the defense will be able to more effectively cross-examine witnesses on the more time-consuming but rather pertinent issues.

18. That the grand jury's functions have ended and the ends of justice require that the grand jury testimony be disclosed.

WHEREFORE, standby counsel requests that this Honorable Court issue an order requiring disclosure of all grand jury transcripts and exhibits.

Respectfully Submitted,

s/ Anthony T. Chambers
Anthony T. Chambers (P38177)
535 Griswold, Suite 1330
Detroit, Michigan 48226
(313) 964-5557
(313) 964-4801 Fax
achamberslaw@gmail.com

Date: August 5, 2011

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

                          CRIMINAL NO. 2:10-CR-20005

           Plaintiff,             HONORABLE NANCY G. EDMUNDS

v.

 UMAR FAROUK ABDULMUTALLAB,

           Defendant.

_____/

## BRIEF IN SUPPORT OF MOTION FOR DISCLOSURE OF GRAND JURY TRANSCRIPTS AND EXHIBITS

The relevant portions of Fed. R. Crim. P. 6(e)(3)(E) state: the court may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of a grand jury matter:

    (i)       Preliminarily to or in connection with a judicial proceeding;

    (ii)     At the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury.

The Supreme Court has held for that for grand jury testimony to be disclosed there must be a showing by the defendants of the "compelling necessity" which is required for breaking the "indispensible secrecy of grand jury proceedings." *United States v. Proctor & Gamble Co*., 356 U.S. 677, 682, 78 S.Ct. 983, 986 (1958). This compelling necessity must be demonstrated by establishing a "particularized need" rather than a general one. *Id*. at 683, 78 S.Ct. at 986.

The standard the district court should follow when lifting the secrecy of the grand jury proceedings are 1) that the desired material will avoid a possible injustice 2) the need for disclosure is greater that the need for continued secrecy and 3) that only the relevant parts of the

5

transcripts should be disclosed. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 223 (1979).

Here standby counsel has found inconsistent statements made by federal agents in their various reports. It is imperative for defense purposes that we are knowledgeable as to what statements/versions of the facts different agents testified to. It is even likely that certain witnesses embellished facts and contradicted their own reports when testifying before the grand jury.

There is a strong need to prevent not only untruthful testimony but also inconsistent testimony amongst federal agents and government witnesses. Preventing untruthful and inconsistent testimony amongst potential witnesses is not only necessary for the integrity of the Court, but it is also a particularized need of Defendant ABDULMUTALLAB.

These potential inconsistent statements will assists the defense in impeaching witnesses and will allow the defense an opportunity to more effectively and efficiently cross-examine witnesses. There is no need for secrecy in the instant matter. Grand jury testimony is ordinarily confidential, but after the grand jury's functions are ended, disclosure is wholly proper where the ends of justice require it. *United States v. Socony-Vacuum Oil Co.,* 310 U.S. 150, 233, 60 S.Ct. 811, 849 (1940). The testimony that the grand jury relied on in reaching a determination here must be produced considering the overall depth of this case, and the particularized need of the Defendant.

The government must be required to disclose the grand jury testimony as the production of the testimony will prevent an injustice and it is evident that the need for disclosure is greater than the need for continued secrecy. Additionally, the transcripts standby counsel is requesting are not considered Jencks material. The Jencks Act does not apply to a motion for pretrial

disclosure of a grand jury transcript. *United States v. Glassman*, 562 F.2d 954, 957 (5th Cir. 1977).

Furthermore there are potentially hundreds of witnesses in this case that the government could use during their case-in-chief. The trial has the potential to last for several weeks. The production of grand jury testimony will assist the court in terms of efficiency because it will eliminate the need for unnecessary cross-examination on particular issues. With the grand jury testimony the defense will be able to more effectively cross-examine witnesses on the more time-consuming but rather pertinent issues.

WHEREFORE, standby counsel requests that this Honorable Court issue an order requiring disclosure of all grand jury transcripts and exhibits.

Respectfully Submitted,

s/ Anthony T. Chambers
Anthony T. Chambers (P38177)
535 Griswold, Suite 1330
Detroit, Michigan 48226
(313) 964-5557
(313) 964-4801 Fax
achamberslaw@gmail.com

Date: August 5, 2011

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,
                Plaintiff,           CRIMINAL NO.  2:10-CR-20005
                                  HONORABLE NANCY G. EDMUNDS
        v.

  D-1, UMAR FAROUK ABDULMUTALLAB,
                Defendant.
_____/

## CERTIFICATION

      I hereby certify that the forgoing papers were electronically filed this date, served electronically or by mail to the following:

**AUSA JONATHAN TUCKEL**
United States Attorneys Office
211 West Fort Street, Suite 2001
Detroit, MI 48226
jonathan.tukel@usdoj.gov

**AUSA CATHLEEN CORKEN**
United States Attorneys Office
211 West Fort Street, Suite 2001
Detroit, MI 48226

**AUSA MICHAEL MARTIN**
United States Attorneys Office
211 West Fort Street, Suite 2001
Detroit, MI 48226

Date: August 5, 2011           By: s/ Anthony T. Chambers

8