UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        CRIMINAL NO. 2:10-CR-20005

    Plaintiff,        HONORABLE NANCY G. EDMUNDS

v.

UMAR FAROUK ABDULMUTALLAB,

    Defendant.
_____/

### DEFENDANT ABDULMUTALLAB'S MOTION FOR A CHANGE OF VENUE

NOW COMES the Defendant, UMAR FAROUK ABDULMUTALLAB ("Defendant ABDULMUTALLAB"), by and through standby counsel, ANTHONY T. CHAMBERS, and moves this Honorable Court to enter an order for a Change of Venue.

In support of said Motion, standby counsel further states as follows:

1. That Defendant ABDULMUTALLAB is charged with several serious offenses. Some of which include attempted use of a Weapon of Mass Destruction, 18 U.S.C. § 2332a(a)(2), and Conspiracy to Commit an Act of Terrorism Transcending National Borders, 18 U.S.C. §§ 2332b(a)(1) and 2332b(a)(2).

2. That standards governing change of venue derive from the Fourteenth Amendment's due process clause, which safeguards a Defendant's Sixth Amendment right to a fair trial by a panel of impartial, indifferent jurors. U.S.C.A. Const.Amends. 6, 14.

3. That when a trial court is unable to seat an impartial jury because of prejudicial pretrial publicity or an inflamed community atmosphere, due process requires the trial court to grant a defendant's motion for change of venue. U.S.C.A. Const.Amends. 6, 14.

4. That Due Process requires that a criminal defendant "receive a trial by an impartial jury free from outside influences." *Shevioard v. Maxwell,* 384 U.S. 333, 362 (1966).

5. That the Supreme Court has insisted that an accused be tried by "a public tribunal free of prejudice, passion, excitement, and tyrannical power." *Chambers v. Florida,* 309 U.S. 227, 236-237, 60 S.Ct. 472, 476-477 (1940). The Court has also recognized that failure to ensure the impartiality of a jury "violates even the minimal standards of due process." *Irvin v. Dowd,* 366 U.S. 717, 722, 81 S.Ct. 1639, 1642, 6 L.Ed.2d 751 (1961).

6. That during the course of pre trial proceedings, there has been extensive media coverage in connection with this case including:

    a. Local television news coverage of all pretrial hearings.

    b. Local newspaper coverage of all pretrial hearings.

    c. Local newspaper articles that provide information about different motions that have been recently filed.

    d. National media coverage of particular pretrial hearings.

    e. CBS 60 minute story "How safe are our skies."

7. That more than 14,000 news articles, stories, documentaries, television broadcast, etc, reference this matter.

8. That more than 6,000 editorials and cartoons exist in reference to this matter, all of which are inflammatory.

9. That there has certainly been an extensive amount of prejudicial pretrial publicity in this case.

10. That the media coverage in this matter has assisted in creating an environment of hostility toward Defendant ABDULMUTALLAB in the State of Michigan.

11. That within the State of Michigan, there exist preconceived notions of guilt and an overall hostility towards the Defendant.

12. That many of the passengers on the plane in which this alleged incident occurred either reside in the State of Michigan, or have ties to this state.

13. That residents of the State of Michigan have a high interest in this case because the alleged offense occurred within a reasonably uncomfortable proximity of their residence.

14. That many residents of the State of Michigan are enraged that such an alleged incident occurred not just in their country, but in their home state, near their home city, at the airport that they frequent.

15. That because this alleged incident occurred in Michigan, many residents feel that this was essentially an attack on their state.

16. That with such prevalent thoughts amongst residents in this state, it is unlikely that members from the jury pool will be impartial.

17. That it is without question that there is an inflamed public community atmosphere in the State of Michigan towards Defendant ABDULMUTALLAB.

18. That this case has gained national attention, but this attention is heightened in Michigan because this is where the alleged incident occurred.

19. That whenever there is a hearing for this case, details are shown on the local news and printed in the newspapers throughout the State of Michigan. However, coverage of this case in other areas of the nation is not nearly as extensive.

20. That outside the State of Michigan, there is a significant drop-off in the level of media attention this case receives.

21. That it is unlikely to find a Michigan resident who is not familiar with this case and who does not have an opinion, which realistically cannot be cured.

22. That it is unlikely to find a Michigan resident who is not familiar with this case and/or who has not experienced the changes in security at Metro Airport, since the time of the instant allegations.

23. That the only way to ensure that Defendant ABDULMUTALLAB receives a fair and impartial jury is to change the venue.

WHEREFORE, standby counsel and Defendant ABDULMUTALLAB request that this Honorable Court grant the motion for a Change of Venue.

Respectfully Submitted,

s/ Anthony T. Chambers
Anthony T. Chambers (P38177)
535 Griswold, Suite 1330
Detroit, Michigan 48226
(313) 964-5557
(313) 964-4801 Fax
achamberslaw@gmail.com

Date: August 5, 2011

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          CRIMINAL NO. 2:10-CR-20005
   Plaintiff,    HONORABLE NANCY G. EDMUNDS

v.

 UMAR FAROUK ABDULMUTALLAB,

   Defendant.
_____/

**BRIEF IN SUPORT OF DEFENDANT ABDULMUTALLAB'S MOTION
FOR A CHANGE OF VENUE**

  The standards governing change of venue derive from the Fourteenth Amendment's due process clause, which safeguards a defendant's Sixth Amendment right to a fair trial by "a panel of impartial, 'indifferent' jurors." *Irvin v. Dowd,* 366 U.S. 717, 722, 81 S.Ct. 1639, 1642 (1961). The trial court may be unable to seat an impartial jury because of prejudicial pretrial publicity or an inflamed community atmosphere; in such a case, due process requires the trial court to grant a defendant's motion for a change of venue or a continuance. *Rideau v. Louisiana,* 373 U.S. 723, 726, 83 S.Ct. 1417, 1419 (1963).

  Prejudice is presumed where pretrial publicity is so pervasive and inflammatory as to saturate the community where the trial was held. *Rideau,* 373 U.S. at 726-27, 83 S.Ct. at 1419-20; *Murphy,* 421 U.S. at 798-99, 95 S.Ct. at 2035; *see also Sheppard v. Maxwell,* 384 U.S. 333, 86 S.Ct. 1507 (1966); *Estes v. Texas,* 381 U.S. 532, 85 S.Ct. 1628 (1965). Although application of the presumed prejudice standard is "relatively rare", where a defendant brings forth evidence of inflammatory and prejudicial pretrial publicity that so pervades the community so as to render

5

virtually impossible a fair trial by an impartial jury drawn by that community, jury prejudice is presumed and there is no further duty to establish bias. *Rideau,* 373 U.S. at 727, 83 S.Ct. at 1419.

In the instant matter, many of the passengers on the plane in which this alleged incident occurred are Michigan residents or have ties to this state. As such, residents of the State of Michigan have a high interest in this case because the alleged offense occurred within a reasonably uncomfortable proximity of their residence. Many of the residents in the state are enraged that such an alleged incident occurred not just in their country, but in their home state, near their home city, at the airport that they frequent. Many residents of the State of Michigan have perceived this incident essentially as an attack on their state. It is without question that there is an inflamed public community atmosphere in Michigan towards Defendant ABDULMUTALLAB.

The standards governing change of venue derive from the Fourteenth Amendment's due process clause, which safeguards a Defendant's Sixth Amendment right to fair trial by panel of impartial, indifferent jurors. U.S.C.A. Const.Amends. 6, 14. When a trial court is unable to seat an impartial jury because of prejudicial pretrial publicity or an inflamed community atmosphere, due process requires the trial court to grant a defendant's motion for change of venue. U.S.C.A. Const.Amends. 6, 14.

Furthermore, the local media has not helped with their constant coverage of this matter. This case has consistently dominated local media outlets, and it can be argued that even two years after the alleged incident occurred, media coverage is at an all time high. This case has received an unprecedented amount of media attention from local media outlets. There has been local television news coverage of all pretrial hearings; local newspaper coverage of all pretrial hearings; and even local newspaper articles that provide information about different motions that

6

have been recently filed. The overall news coverage of this case in the State of Michigan is much more extensive than anywhere else in the nation. Outside of the State of Michigan, there is a significant drop-off in the level of media attention this case receives.

      The Supreme Court has recognized that failure to ensure the impartiality of a jury "violates even the minimal standards of due process." *Irvin,* 366 U.S. at 722. The media coverage in this matter has assisted in creating an environment of hostility toward Defendant ABDULMUTALLAB in the State of Michigan. Within the community for which the jury will be selected, there exists a preconceived notion of guilt and an overall hostility towards the Defendant. With such strong negative local media attention this case has garnered combined with the local preconceived notions that have been prevalent amongst Michigan residents, it will be nearly impossible to find an impartial jury from the standard jury pool.

      WHEREFORE, standby counsel and Defendant ABDULMUTALLAB requests that this Honorable Court grant the motion for a Change of Venue.

Respectfully Submitted,

s/ Anthony T. Chambers
Anthony T. Chambers (P38177)
535 Griswold, Suite 1330
Detroit, Michigan 48226
(313) 964-5557
(313) 964-4801 Fax
achamberslaw@gmail.com

Date: August 5, 2011

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,          CRIMINAL NO. 2:10-CR-20005
                                   HONORABLE NANCY G. EDMUNDS

   v.

D-1, UMAR FAROUK ABDULMUTALLAB,
       Defendant.
_____/

## CERTIFICATION

     I hereby certify that the forgoing papers were electronically filed this date, served electronically or by mail to the following:

**AUSA JONATHAN TUCKEL**
United States Attorneys Office
211 West Fort Street, Suite 2001
Detroit, MI 48226
jonathan.tukel@usdoj.gov

**AUSA CATHLEEN CORKEN**
United States Attorneys Office
211 West Fort Street, Suite 2001
Detroit, MI 48226

**AUSA MICHAEL MARTIN**
United States Attorneys Office
211 West Fort Street, Suite 2001
Detroit, MI 48226

Date: August 5, 2011               By: s/ Anthony T. Chambers