UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                      CRIMINAL NO. 2:10-CR-20005

        Plaintiff,         HONORABLE NANCY G. EDMUNDS

v.

 UMAR FAROUK ABDULMUTALLAB,

        Defendant.

_____/

## MOTION FOR INDIVIDUAL VOIR DIRE EXAMINATION

NOW COMES the Defendant, UMAR FAROUK ABDULMUTALLAB ("Defendant ABDULMUTALLAB"), by and through standby counsel, ANTHONY T. CHAMBERS, and moves this Honorable Court to enter an order Requiring Individual Voir Dire Examination.

In support of said Motion, standby counsel further states as follows:

1. That during the course of pre trial proceedings, there has been extensive media coverage in connection with this case including:

    a. Local television news coverage of all pretrial hearings.

    b. Local newspaper coverage of all pretrial hearings.

    c. Local newspaper articles that provide information about different motions that have been recently filed.

    d. National media coverage of particular pretrial hearings.

    e. CBS 60 minute story "How safe are our skies."

3. That more than 14,000 news articles, stories, documentaries, television broadcast, etc., reference this matter.

4. That more than 6,000 editorials and cartoons exist in reference to this matter, all of which are inflammatory.

5. That there has certainly been an extensive amount of prejudicial pretrial publicity in this case.

6. That the media coverage in this matter has assisted in creating an environment of hostility toward Defendant ABDULMUTALLAB in the State of Michigan.

7. That within the community for which the jury will be selected, there exist preconceived notions of guilt and an overall hostility towards the Defendant.

8. That the Defendant must be given an opportunity to determine if a potential juror has a bias and the Defendant must be allowed to exercise his for-cause challenges to root this bias out.

9. The right to an impartial jury encompasses the right to take reasonable steps designed to insure that the jury is impartial. See, *e.g., Groppi v. Wisconsin,* 400 U.S. 505, 91 S.Ct. 490 (1971); *Sheppard v. Maxwell,* 384 U.S. 333, 86 S.Ct. 1507 (1966).

10. The Sixth Circuit recognizes that voir dire's "essential function ... is to allow for the impaneling of a fair and impartial jury," and individual voir dire may be appropriate to promote "the essential demands of fairness." *United States v. Anderson,* 562 F.2d 394, 397-98 (6th Cir.1977) (citation omitted).

11. That under the circumstances of this case, the refusal to grant individual voir dire will violate the Defendant's Sixth Amendment right to a fair and impartial jury.

WHEREFORE, standby counsel and Defendant ABDULMUTALLAB request that this Honorable Court grant the motion for individual Voir Dire Examination.

                Respectfully Submitted,

                s/ Anthony T. Chambers
                Anthony T. Chambers (P38177)
                535 Griswold, Suite 1330
                Detroit, Michigan 48226
                (313) 964-5557
                (313) 964-4801 Fax
                achamberslaw@gmail.com

Date: August 5, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                        CRIMINAL NO. 2:10-CR-20005
      Plaintiff,     HONORABLE NANCY G. EDMUNDS

v.

 UMAR FAROUK ABDULMUTALLAB,

      Defendant.
_____/

## BRIEF IN SUPPORT OF MOTION FOR INDIVIDUAL VOIR DIRE EXAMINATION

The purpose of voir dire is to ensure the defendant's Sixth Amendment right to an impartial jury. *Rosales-Lopez v. United States*, 451 U.S. 182, 188 (1981). "Rule 24(a) of the Federal Rules of Criminal Procedure gives the trial court broad discretion in deciding the scope and method of the jury voir dire." *United States v. Gerald*, 624 F.2d 1291, 1296 (5th Cir. 1980), cert. denied, 450 U.S. 920 (1981). This broad discretion extends to the decision whether jurors should be questioned collectively, or individually out of the presence of other jurors. *Id*. at 296; *see also United States v. Delval*, 600 F.2d 1098, 1102 (5th Cir. 1979).

The Sixth Circuit recognizes that voir dire's "essential function ... is to allow for the impaneling of a fair and impartial jury," and individual voir dire may be appropriate to promote "the essential demands of fairness." *United States v. Anderson,* 562 F.2d 394, 397-98 (6th Cir.1977) (citation omitted). The right to an impartial jury encompasses the right to take reasonable steps designed to insure that the jury is impartial. See, *e.g.,*

4

*Groppi v. Wisconsin,* 400 U.S. 505, 91 S.Ct. 490 (1971); *Sheppard v. Maxwell,* 384 U.S. 333, 86 S.Ct. 1507 (1966).

This case has received an unprecedented amount of media attention from local media outlets. There has been local television news coverage of all pretrial hearings; local newspaper coverage of all pretrial hearings; and even local newspaper articles that provide information about different motions that have been recently filed. There has certainly been an extensive amount of prejudicial pretrial publicity in this case.

In *United States v. Davis,* 583 F.2d 190, 196 (5th Cir. 1978), the court held that "where the nature of the publicity as a whole raised a significant possibility of prejudice," due process required more than general questions to the venire as a group regarding their ability to render an impartial verdict. Individual voir dire may be required to ferret out the damaging effect of pre-trial publicity. *Nebraska Press Assn. v. Stuart,* 427 U.S. 539, 602, 96 S.Ct. 2791, 2823, 49 L.Ed.2d 683 (1976).

Here, within the community for which the jury will be selected, there exist preconceived notions of guilt and an overall hostility towards the Defendant. The Defendant must be given an opportunity to determine if a potential juror has a bias and the Defendant must be allowed to exercise his for-cause challenges to root this bias out. Given the circumstances in this case, the refusal to grant individual voir dire will violate the Defendant's Sixth Amendment right to a fair and impartial jury.

WHEREFORE, standby counsel and Defendant ABDULMUTALLAB request that this Honorable Court grant the motion for individual Voir Dire Examination.

                                Respectfully Submitted,

                                <u>s/ Anthony T. Chambers</u>
                                Anthony T. Chambers (P38177)
                                535 Griswold, Suite 1330
                                Detroit, Michigan 48226
                                (313) 964-5557
                                (313) 964-4801 Fax
                                achamberslaw@gmail.com

Date: August 5, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
        Plaintiff,        CRIMINAL NO. 2:10-CR-20005
                                HONORABLE NANCY G. EDMUNDS
    v.

 D-1, UMAR FAROUK ABDULMUTALLAB,
        Defendant.
_____/

**CERTIFICATION**

      I hereby certify that the forgoing papers were electronically filed this date, served electronically or by mail to the following:

**AUSA JONATHAN TUCKEL**
United States Attorneys Office
211 West Fort Street, Suite 2001
Detroit, MI 48226
jonathan.tukel@usdoj.gov

**AUSA CATHLEEN CORKEN**
United States Attorneys Office
211 West Fort Street, Suite 2001
Detroit, MI 48226

**AUSA MICHAEL MARTIN**
United States Attorneys Office
211 West Fort Street, Suite 2001
Detroit, MI 48226

Date: August 5, 2011                By: s/ Anthony T. Chambers