UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

UMAR FAROUK ABDULMUTALLAB,

    Defendant.

_____/

Case No. 10-20005

Honorable Nancy G. Edmunds

**ORDER DEFINING MR. ABDULMUTALLAB'S STAND-BY COUNSEL'S ROLE AT TRIAL**

On September 13, 2010, Defendant Umar Farouk Abdulmutallab terminated his appointed Federal Defender counsel and expressed his desire to represent himself, a right afforded to him by the Constitution. *Akins v. Easterling*, —F.3d—, 2011 WL 3366239, at *10 (6th Cir. 2011) (citing *Faretta v. California*, 422 U.S. 806 (1975)), (Dkt. 23, Hr'g Tr., Sept. 13, 2010.) On that date, the Court engaged Mr. Abdulmutallab in the required *Faretta* inquiry and found that he knowingly, voluntarily, and intelligently waived his right to counsel and granted his request to proceed pro se. *Akins*, 2011 WL 3366239, at *10. But because Mr. Abdulmutallab was not familiar with the United States' justice system, the Court informed Mr. Abdulmutallab that it was going to appoint stand-by counsel to assist him in conducting his own defense. (Dkt. 23, Hr'g Tr. 11, Sept. 13, 2010.)

The Court thereafter appointed Mr. Anthony Chambers as Mr. Abdulmutallab's stand-by counsel. (Dkt. 20, Stand-by counsel order.) Since the Court's appointment,

1

Mr. Abdulmutallab has expressed that he is satisfied with Mr. Chambers and the role he has performed as stand-by counsel. (Dkt. 33, Hr'g Tr. 4-5, Oct. 14, 2010; Dkt. 73, Hr'g Tr. 5, Jan. 25, 2011; Hr'g Tr. 13, July 7, 2011.) In performing this role, Mr. Chambers has been filing motions on behalf of and with Mr. Abdulmutallab's consent and speaking in Court with Mr. Abdulmutallab's consent. Mr. Abdulmutallab has not indicated that he is dissatisfied with Mr. Chambers's assistance in this case.

The Government has filed a motion to define Mr. Anthony Chambers's–Mr. Abdulmutallab's stand-by counsel–role at trial. At the July 7, 2011 hearing, the Court asked Mr. Abdulmutallab what parts of trial that he wished to conduct on his own behalf. (Hr'g Tr. 31, July 7, 2011.) As to jury selection, he stated that he wanted to learn more about the jury selection process before he made a decision. (*Id.*) But he stated that he wanted to give the opening statement and closing argument himself. (*Id.* at 31-32.) And as to examining witnesses, at that hearing, he stated that he "perhaps" desired Mr. Chambers to perform that role. (*Id.* at 32.) And he finally stated that he desired to "consult" with the drafting of the jury instructions. (*Id.* at 33.)

The Court now takes the opportunity to both discuss and impose limitations on Mr. Chambers's role at trial.

**A. Mr. Abdulmutallab's pro se rights.**

Because Mr. Abdulmutallab has chosen to represent himself, the Court is charged with respecting that choice. To do so, the Court must ensure that Mr. Abdulmutallab has "his voice heard" and that he is "allowed to control the organization and content of his own defense, to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the [C]ourt and the jury at appropriate points in the

trial." *McKaskle v. Wiggins*, 465 U.S. 168, 174 (1984). Mr. Abdulmutallab therefore "is entitled to preserve actual control over the case he chooses to present to the jury." *Id.*

A pro se defendant does not surrender his control over his case when a court appoints stand-by counsel. In fact, if stand-by counsel takes over a defendant's defense or acts contrary to the defendant's wishes, the defendant's constitutional rights are threatened. See *Id.* ("If stand[-]by counsel's participation over the defendant's objection effectively allows counsel to make or substantially interfere with any significant tactical decision, or to control the questioning of witnesses or to speak *instead* of the defendant on any matter of importance, the *Faretta* right is eroded."(emphasis in original)). See also *Id.* ("[P]articipation by stand[-]by counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself. The defendant's appearance in the status of one conducting his own defense is important in a criminal trial, since the right to appear *pro se* exists to affirm the accused's individual dignity and autonomy.").

Here, the Court has ensured at every pre-trial proceeding that Mr. Abdulmutallab has initiated or consented to every motion that Mr. Chambers has filed, and every statement Mr. Chambers has made in Court, save for one motion. (See Hr'g Tr., Aug. 17, 2011; At the August 17, 2011 hearing, Mr. Chambers stated that he filed a motion for competency as an officer of the Court. Mr. Chambers informed Mr. Abdulmutallab about the motion, and Mr. Abdulmutallab stated that he understood why Mr. Chambers filed the motion.)

The Court finds therefore that Mr. Abdulmutallab, up to this point, has been conducting his own defense–he is in actual control over his case. But the Court

3

recognizes the Government's concerns as to Mr. Chambers's role going forward; the Court therefore addresses the Government's concerns.

## B. The Government's requested limitations

The Government requests the following restrictions "to fully protect" Mr. Abdulmutallab's self-representation right:

- that Mr. Chambers sit behind the bar at trial;

- that no one besides the Government or Mr. Chambers speak to Mr. Abdulmutallab in the presence of the jury, except at the Court's direction;

- that Mr. Chambers speak to Mr. Abdulmutallab in the presence of the jury only when Mr. Abdulmutallab requests, or at the Court's direction;

- that Mr. Chambers only address the Court outside of the jury's presence, unless Mr. Abdulmutallab requests or the Court directs; and

- that Mr. Abdulmutallab and Mr. Chambers not be allowed to engage in a hybrid representation.

The Court addresses the Government's last request–about hybrid representation–first, because the Court will allow hybrid representation and it will be the framework within which the Court discusses the Government's remaining requests. The Court then discusses the Government's concerns with hybrid representation before the Court imposing limitations to alleviate these concerns.

### 1. Hybrid representation

In a hybrid form of representation, a pro se defendant has the ability to act on his own behalf–conducting voir dire, giving his opening statement, examining and cross-examining witnesses, giving his closing argument–or to direct his stand-by counsel to perform any of those duties. 3 Wayne R. LaFave et al., Crim. Proc. § 11.5(g) (3d ed.).

The Court has the discretion to allow hybrid representations and variations on that representation at trial; here, the Court chooses to exercise that discretion. *United States v. Mosely*, 810 F.2d 93, 97-98 (6th Cir. 1987).

The Government is correct, though, that no constitutional right exists to hybrid representation. See *McKaskle*, 465 U.S. at 183 (*"Faretta* does not require a trial judge to permit 'hybrid' representation[.]" And "[a] defendant does not have a constitutional right to choreograph special appearances by counsel."). But the Court is not convinced by the Government's argument that hybrid representation is so disfavored and "is to be employed [so] sparingly" that the Court does not have the ability to allow Mr. Abdulmutallab to proceed with hybrid representation if he so chooses and does so under the guidelines the Court lays out. *United States v. Washington*, 434 F.3d 7, 16 (1st Cir. 2006) (quoting *United States v. Nivica*, 887 F.2d 1110, 1121 (1st Cir. 1989)). Despite the Government's argument that hybrid representation is to be used "sparingly," the *Washington* court did state that the district court does have the discretion to permit such a representation. *Id*. The Government also argues that hybrid representation is "forbidden." *United States v. Oreye*, 263 F.3d 669, 672 (7th Cir. 2001). In *Oreye*, the Seventh Circuit stated that "hybrid representation [] is forbidden. But it is not forbidden in the interest of the defendant. In part it is forbidden in the interest of the prosecution, because 'it allows a defendant to address the jury, in his capacity as counsel, without being cross-examined, in his capacity as a defendant.'" *Id*. at 672-73. That court found "systematic concerns as well: hybrid representation complicates and prolongs trials, to the detriment of the jurors, and of the judicial system because there is a queue waiting for attention." *Id*. at 673. The Court notes that that Seventh Circuit panel appears

particularly hostile towards hybrid representation. At least one later panel, though, has found that hybrid representation is within the trial court's discretion, even if that representation is "disfavored." *United States v. Chavin*, 316 F.3d 666, 671 (7th Cir. 2002).

### 2. The Court's guidelines

Because the Court will allow Mr. Abdulmutallab to engage in a hybrid form of representation with Mr. Chambers, the Court will impose some guidelines for Mr. Abdulmutallab to follow, to facilitate efficient proceedings. See *Hudson v. Curtin*, 371 F. App'x 607, 611 (6th Cir. 2010) ("A trial judge's responsibility for ensuring a fair trial and preserving the integrity of the proceedings in her courtroom, however, extends beyond the wishes and motions of the litigants.") (citing, *United States v. Lattner*, 385 F.3d 947, 960 (6th Cir. 2004) ("A district court judge has the authority to control the courtroom proceedings . . . and both the prosecution and defense [are] subject to the court's intercession in the conduct of examination of witnesses and the presentation of evidence when warranted.") (alteration in *Hudson*.).

#### a. Preliminary instructions to the jury, Mr. Abdulmutallab, and Mr. Chambers

Before trial begins, and again before closing arguments, the Court will give the jury a version of the following instruction:

> Mr. Abdulmutallab has decided to represent himself in this trial. He has a constitutional right to do that. His decision has no bearing on whether he is guilty or not guilty, and it must not affect your consideration of the case.
>
> Because Mr. Abdulmutallab has decided to act as his own lawyer at some points during this trial, you will hear him speak at various times during the trial. He may make an opening statement and closing argument. He may

> ask questions of witnesses, make objections, and argue to the Court. I remind you that when Mr. Abdulmutallab speaks in these parts of the trial he is acting as a lawyer in the case, and his words are not evidence.
>
> The only evidence in this case comes from witnesses who testify under oath on the witness stand and from exhibits that are admitted.

Third Cir. Model Crim. Jury Instructions § 1.18 (Pro se defendant) (altered). The Court will also inform the jury that it has appointed Mr. Chambers as Mr. Abdulmutallab's stand-by counsel and that, at certain points during trial, Mr. Abdulmutallab has directed Mr. Chambers to perform some of the duties customarily undertaken by a lawyer during trial, such as: making objections, examining witnesses, or even giving an opening statement or closing argument. The Court will further instruct the jury that Mr. Chambers's participation is at Mr. Abdulmutallab's sole discretion and direction.

The Court will inform Mr. Abdulmutallab that he is in control of his case and that, if at any time he objects to Mr. Chambers's action, he should inform the Court immediately and the Court will address his concerns. Otherwise, because Mr. Abdulmutallab has expressed satisfaction with Mr. Chambers's participation, Mr. Abdulmutallab's silence at trial with respect to Mr. Chambers's participation will be taken as acquiescence in Mr. Chambers's actions.

The Court will inform Mr. Chambers that he is solely stand-by counsel in this case and that, if any issues arise with his interactions with Mr. Abdulmutallab, or with Mr. Abdulmutallab's directions, he or Mr. Abdulmutallab should bring these matters to the Court's attention and the Court will resolve any issues.[1]

---

[1] See generally, Joseph A. Colquitt, *Hybrid Representation: Standing the Two-Sided Coin on Its Edge*, 38 Wake Forest L. Rev. 55, 126 (2003).

**b. Routine procedural or evidentiary matters**

Mr. Abdulmutallab can choose to have Mr. Chambers perform routine procedural or evidentiary matters. Mr. Abdulmutallab must express this choice before trial either in a signed filing or by assenting in Court. See *McKaskle*, 465 U.S. at 183 ("*Faretta* rights are also not infringed when stand[-]by counsel assists the *pro se* defendant in overcoming routine procedural or evidentiary obstacles to the completion of some specific tasks, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete. Nor are they infringed when counsel merely helps to ensure the defendant's compliance with basic rules of courtroom protocol and procedure."). See also *United States v. Einfeldt*, 138 F.3d 373, 378 (8th Cir. 1998) (finding no abuse of discretion in trial court allowing stand-by counsel to make objections on pro se defendant's behalf when the defendant requested help with the trial's technical aspects, such as objections).

---

> It is also important for the court to be fully apprised by the defendant of the extent to which the accused desires to participate in the defense: which tasks the defendant envisions performing and those to be left to counsel. The attorney cooperating with the defendant should also be instructed regarding the role of counsel in the case and the obligation to defer to the accused should disagreements arise over tactics.
>
> [T]he judge should also instruct the jury concerning the defendant's dual role in the trial as co-counsel and accused, the nature of the defendant's participation in the trial, and how to regard unsworn statements.

*Id*.

> The judge must explain to the accused that in a hybrid scenario the defendant, and not the attorney, is lead counsel for the defense.

*Id*. at 127.

8

### c. Examination and cross-examination of witnesses

The Court will allow Mr. Abdulmutallab or Mr. Chambers to examine or cross-examine witnesses, at Mr. Abdulmutallab's direction. The Court will not permit both to question the same witness. Mr. Abdulmutallab must choose which witnesses he would like to question and he must make that election and inform the Court of his election at least twenty-four hours in advance of the examination or cross-examination. See *United States v. Jones*, 452 F.3d 223, 230, n 5 (3d Cir. 2006) (stating "[w]e have expressly approved arrangements in which standby counsel advises a *pro se* defendant, makes opening or closing statements, and questions the defendant if he testifies in his own defense.") (citations omitted).

### d. Opening statement and closing argument

The Court will allow Mr. Abdulmutallab to choose whether he or Mr. Chambers will give Mr. Abdulmutallab's opening statement or closing argument. Mr. Abdulmutallab may choose to give one or the other or both; or he may choose neither. The Court does require that Mr. Abdulmutallab notify the Court at least twenty-four hours in advance, as to who will give either the opening or closing.

The Court is aware of the Government's concern that Mr. Abdulmutallab will not testify but will present unsworn testimony in either the opening statement or closing argument. But the Court finds that this issue has arisen in the Sixth Circuit before, with pro se defendants, and can be addressed both with a limiting instruction and in the prosecution's rebuttal argument. The Court will first instruct the jury, prior to closing, a version of the instruction above, stating that the closing argument is argument and not

evidence, and the jury must only weigh evidence in this case that came from witnesses who testified under oath on the witness stand and from exhibits that are admitted. The Court will also instruct Mr. Abdulmutallab, outside the jury's presence, that he is only to argue evidence that was introduced at trial.

But if Mr. Abdulmutallab does introduce unsworn testimony, a second procedural safeguard exists–the Government may point out that certain statements that Mr. Abdulmutallab made are not supported by the evidence. In *United States v. McCaskill*, 202 F. App'x 70 (6th Cir. 2006), the defendant argued on appeal that the prosecutor improperly commented on the defendant's choice not to testify at trial during the prosecutor's rebuttal argument. 202 F. App'x at 73-74. At trial, the defendant desired to give his own closing argument. *Id.* at 74. Outside of the jury's presence, the court explained to the defendant that his argument "would have to be limited to the evidence adduced at trial." *Id.* Despite that instruction, the defendant "repeatedly made factual assertions during his closing argument about his own actions and intentions–factual assertions that were not supported by the evidence adduced at trial." *Id.* The prosecutor commented, "[m]aybe if [the defendant] would like to be put under oath." *Id.* The court again cautioned the defendant that he could not discuss facts that were not in evidence. *Id.* The Sixth Circuit found that the prosecutor's remark did not constitute misconduct and was in response to the defendant's improper closing argument. *Id.* In *United States v. Spann*, 831 F.2d 298 (Table), 1987 WL 38647, at *1 (6th Cir. 1987)

> The district court permitted the trial to go forward with the defendant and his appointed attorney acting as 'co-counsel.' Apparently the defendant and his appointed attorney both participated in cross-examination of prosecution witnesses. The defendant did not testify, but was permitted to make his own closing argument rather than having his appointed counsel

10

> make it. The effect of this was to give the defendant an opportunity to testify without being sworn as a witness or being required to undergo cross-examination. When the prosecution responded to the defendant's argument by pointing out that he had not challenged certain facts established in the prosecution's case, neither the defendant nor his appointed attorney objected. The defendant takes the position now that the prosecution's reference to matters he did not deny in his closing argument constituted an unlawful comment on his failure to testify.

The Sixth Circuit rejected the defendant's argument and held that the prosecution "did not state or imply that the jury should find the defendant guilty based on his failure to testify." *Id.* The Sixth Circuit commented, "[t]he prosecution was in a situation where the defendant had in effect testified without any of the usual guarantees of truthfulness, and the rebuttal argument of the prosecuting attorney was nothing more than fair comment on the closing argument of the defendant." *Id.*[2]

---

[2]See also *United States v. Marks*, 530 F.3d 799 (9th Cir. 2008). In *Marks*, the Ninth Circuit held that the district court acted within its discretion when it gave the following instruction to the jury immediately following a pro se defendant's unsworn statement of fact during the defendant's cross-examination of a witness:

> This might be an appropriate point to advise the jury that in the opening statement of the *pro se* defendant–that is the defendants that are representing themselves–any questions they ask they might make statements of facts.
>
> The only fact that is in evidence is the facts that come from the witness stand. Statements of facts in opening statements or in questions by the *pro se* defendants are not evidence. Questions being asked during the course of the case either by attorneys or by the *pro se* defendants are not evidence.
>
> The evidence is what you hear from the witness stand and the exhibits that are admitted into evidence or any stipulations that may be entered into.

*Id.* at 809. The Ninth Circuit held that the comment was "appropriate" in light of the defendant's conduct during opening statement and cross-examination and that the comment "neither exhibited actual bias nor created the appearance of bias towards the

11

The Court finds that its instructions to the jury and Mr. Abdulmutallab as well as the prosecutors' rebuttal argument will counteract any possible confusion the jury might have as to any improper unsworn statements by Mr. Abdulmutallab.[3]

### 3. The Court's restrictions

The Court therefore imposes the following restrictions:

- In the jury's presence, all communications between the Government and Mr. Abdulmutallab or Mr. Chambers must go through the Court–the Government may not directly address Mr. Abdulmutallab or Mr. Chambers;

- Mr. Chambers may sit at counsel's table with Mr. Abdulmutallab, but all other attorneys assisting Mr. Chambers must sit behind the bar that separates counsel from the general public;

- Mr. Chambers may initiate discussions with Mr. Abdulmutallab at counsel's table. If at any time Mr. Abdulmutallab does not wish to speak to Mr. Chambers, he must notify the Court immediately and the Court will address the issue;

---

*pro se* defendant[.]" *Id.*

[3]See generally, Joseph A. Colquitt, *Hybrid Representation: Standing the Two-Sided Coin on Its Edge*, 38 Wake Forest L. Rev. 55, 114 (2003).

> Although there is potential for jury confusion, remedies exist. The judge can instruct the jury about the use of the defendant's argument, and the prosecutor possesses the power to comment on anything the defendant may say in a closing argument in the same manner as a prosecutor is entitled to respond to comments that a pro se defendant or a defense attorney might make in a closing argument.
>
> [T]he court should instruct the defendant that he may not argue with witnesses, present unsworn testimony, or argue facts not in evidence. The judge should explain to the defendant that any failure to abide by the rules of the court of the judge's instructions will constitute a waiver of hybrid assistance, leading to either self-representation or representation by counsel.

*Id.* at 126.

- To effect orderly proceedings during trial, Mr. Abdulmutallab and Mr. Chambers must inform the Government and the Court, in writing, twenty-fours hours in advance, what tasks Mr. Abdulmutallab will perform and what tasks Mr. Chambers will perform on Mr. Abdulmutallab's behalf at trial.  For example: whether Mr. Abdulmutallab plans on cross-examining certain witnesses, or whether he plans to make an opening statement, testify on his own behalf, or argue his closing argument.

The Court finds this discussion and the limitations imposed will permit smooth trial proceedings, protect the jury from any confusion due to the hybrid representation, and protect Mr. Abdulmutallab's self-representation rights.

    SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated:  August 26, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 26, 2011, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager