UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,	CASE NO. 2:10-cr-20005

   Plaintiff,	HONORABLE NANCY G. EDMUNDS

-vs-

D-1    UMAR FAROUK ABDULMUTALLAB,

   Defendant.

_____/

**GOVERNMENT'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION *IN LIMINE*
TO ADMIT DEMONSTRATIVE EVIDENCE REGARDING DEFENDANT'S
EXPLOSIVE DEVICE**

The United States respectfully submits this supplemental brief in support of its motion to admit at trial demonstrative evidence that relates to the explosive device that the defendant detonated onboard Northwest Flight 253 on December 25, 2009. The government wishes to bring to the Court's attention two additional cases from the Sixth Circuit Court of Appeals, both of which support the government's argument that the demonstrative evidence in this case is admissible and is not unfairly prejudicial.

In *United States v. Jones*, 124 F.3d 781, 782 (6th Cir. 1997), the defendant was conducting an outdoor marijuana grow operation. After finding the marijuana in the woods near the defendant's home, law enforcement officers discovered a bomb taped to a plant near the marijuana. *Id.* The bomb was "made from a car muffler, black powder, body filler, a brake light switch, and a car battery," and was subsequently disarmed by a demolitions expert. *Id.* at 783. The defendant was charged with manufacturing marijuana and, like defendant Abdulmutallab, using a destructive device in violation of 18 U.S.C. § 924(c). At trial, the government sought "to

show a videotaped explosion of the bomb that had been built as a replica of the bomb discovered in the marijuana field." *Id.* at 786. The video recording depicted the explosion of the replica bomb, as well as footage of "Styrofoam silhouettes that had been placed nearby, recording how they had been hit by shrapnel and gravel." *Id.* at 787. The defendant objected on the ground that "the videotape was unduly prejudicial and unnecessary for the jury to determine whether the device found in the marijuana field was a destructive device within the meaning of the statute." *Id.* at 786-87. The district court permitted the government to show the portion of the video that depicted the explosion, but not the portion that depicted the shrapnel damage. *Id.*

The Sixth Circuit affirmed the district court and described the defendant's argument that the video was unnecessary for the jury to determine that the bomb was a destructive device as having "no merit." *Id.* at 787. The Court pointed out that 18 U.S.C. § 924(c) required the government to prove that the defendant used a "destructive device," and that "[t]he videotaped explosion of the replica bomb served as evidence to establish that the bomb was a destructive device." *Id.*

More recently, in *United States v. McNeil*, 106 Fed.Appx. 294, 297 (6th Cir. 2004), the defendants robbed a bank in Sterling Heights, Michigan, and in doing so, placed a bomb on the floor of the bank as they were leaving and told employees not to come out of the bank's vault or "the bomb will go off and kill you." The bomb was subsequently disarmed at the bank by law enforcement. Like defendant Abdulmutallab, the defendants in McNeil were charged with possessing a destructive device during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). At trial, Judge Steeh permitted the government to call as a witness an explosives expert who "testified that the bomb was, in fact, an explosive device and that it could

have caused serious injury if it had exploded." *Id.* at 298.  Judge Steeh also permitted the government to introduce "videotaped explosions of two pipe bombs that had been built as replicas of the bomb found in the bank." *Id.* at 303.  The defendant objected on the ground that the videos were unfairly prejudicial. *Id.*  The Sixth Circuit affirmed the admission of the videos.  Citing *Jones*, the Sixth Circuit stated that "[w]e have previously held that a videotaped explosion of a bomb replica may be admitted for the purpose of demonstrating the explosive potential of the original bomb."  The Court of Appeals stated that such videos were admissible so long as the test was conducted under conditions substantially similar to those of the event.  *Id.*  "However, this standard is a flexible one that does not require all variables to be controlled."  *Id.*  The Court of Appeals found that there was substantial similarity between the test and the real bomb because "an expert in improvised explosive devices . . . testified in detail how he constructed two bomb replicas that were identical to the bomb found in the bank."  *Id.*

The same logic applies in this case.  The main charge of defendant Abdulmutallab's bomb was essentially a plastic bag containing PETN, a high explosive.  The video recorded test explosions that the government seeks to admit involved the detonation of PETN in a plastic bag.  Therefore, the demonstrations conducted by the government are substantial similar to the bomb that the defendant had in his underwear and certainly meets the "flexible" standard of similarity articulated by the Sixth Circuit.

CONCLUSION

      For the foregoing reasons, the Government's Motion to Admit Demonstrative Evidence Regarding the Defendant's Explosive Device should be granted.

      Respectfully submitted,

      BARBARA L. McQUADE
      United States Attorney,
      Eastern District of Michigan

s/ Jonathan Tukel
Assistant U.S. Attorney
Chief, National Security Unit
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9749
Email: Jonathan.Tukel@usdoj.gov

s/Cathleen M. Corken
Assistant U.S. Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-0206
Email: Cathleen.Corken@usdoj.gov

s/ Michael C. Martin
Assistant U.S. Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9670
Email: Michael.C.Martin@usdoj.gov

Dated: September 22, 2011

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 22, 2011, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to Anthony Chambers.  I further certify that I have caused a copy of this filing to be delivered and mailed to the defendant, Umar Farouk Abdulmutallab, Register No. 44107-039, Federal Detention Center, East Arkona Road Milan, Michigan.

                                                           s/ Lindsay Black
                                                           Legal Assistant
                                                           U.S. Attorney's Office