UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                      NO. 10-20005

v.

                                       HON. NANCY G. EDMUNDS

UMAR FAROUK ABDULMUTALLAB,

        Defendant.
_____/

## GOVERNMENT'S SECOND MOTION FOR PROTECTIVE ORDER

The United States of America respectfully moves pursuant to Federal Rule of Criminal Procedure 16(d)(1) and the Classified Information Procedures Act ("CIPA"), 18 United States Code, App. 3 § 4, for a second protective order precluding the discovery of a particular item which contains classified information.[1] The classified information that the government seeks to protect is not exculpatory, is privileged, and is otherwise not discoverable.

---

[1] The government has filed a separate, classified version of this motion *in camera* and *ex parte* with the assigned Court Security Officer, United States Department of Justice.

1

## BACKGROUND

On December 25, 2009, the defendant boarded Northwest Airlines Flight 253 in Amsterdam, Netherlands, bound for Detroit, Michigan. Hidden in the defendant's underwear was a bomb consisting of Triacetone Triperoxide (also known at "TATP") and Pentaerythritol Tetranitrate (also known as "PETN"), both of which are high explosives.

As the aircraft began its descent over the United States, the defendant detonated the bomb, resulting in a loud noise, smoke and fire. As the fire burned in the defendant's lap and seating area, passengers and flight attendants reacted by putting out the fire with extinguishers and subduing the defendant.

Upon landing, the defendant was transported off the plane by United States Customs and Border Protection Officers. The defendant told the CBP officer that he had a bomb on the plane, that he received the bomb in Yemen, and that he was with Al Qaeda.

The defendant was subsequently transported to the University of Michigan Hospital for treatment of burns that the defendant received to his thigh, genitals and hands. While at the hospital, agents from the Federal Bureau of Investigation

questioned the defendant. The defendant told the agents that he was inspired to commit jihad against the United States as a result of regular visits to the web sites of Anwar Awlaki, a member and leader of Al Qaeda in the Arabian Peninsula ("AQAP"), which has been designated by the United States government as a foreign terrorist organization. The defendant admitted that he traveled to Yemen to look for Al Qaeda. The defendant stated that while in Yemen, he was able to make contact with members of Al Qaeda, who subsequently provided the defendant with the bomb and gave him training on its components. The defendant and other members of Al Qaeda discussed plans to attack the United States.

On December 15, 2010, the defendant was charged in a superseding indictment with one count of conspiracy to commit an act of terrorism transcending national boundaries, in violation of 18 U.S.C. § 2332b(a)(1) and (2), one count of attempted murder, in violation of 18 U.S.C. § 1113, one count of willfully placing a destructive device in proximity to a civil aircraft, in violation of 18 U.S.C. § 32(a)(2), one count of attempted use of a weapon of mass destruction, in violation of 18 U.S.C. § 2332a(a)(2), one count of willfully attempting to destroy and wreck a civil aircraft, in violation of 18 U.S.C. § 32(a)(1) and (8), and

three counts of possessing or using a destructive device in furtherance of or during a crime of violence, in violation of 18 U.S.C. § 924(c).

## ARGUMENT

### I. Federal Law Permits the Government to Move *In Camera* and *Ex Parte* for an Order Restricting Discovery

In a prior CIPA pleading in this case, the government articulated the legal authorities which allow it to move *in camera* and *ex parte* for an order restricting discovery. *See, Government's Motion for Protective Order* at 5-7. The government incorporates by reference that section of its prior CIPA pleading in support of this motion.

### II. The Government's Classified Information Privilege Can Preclude Discovery of Relevant Evidence

In a prior CIPA pleading in this case, the government set out the legal authorities for the relevant and helpful standard for the disclosure of classified information as articulated in *Roviaro v. United States*, 353 U.S. 53 (1957). *See, Government's Motion for Protective Order* at 8-9. The government incorporates by reference that section of its prior CIPA pleading. In addition, since that pleading was filed, the Sixth Circuit Court of Appeals has had occasion to address

this issue head-on. In *United States v. Hanna*, _ F.3d _ 2011 WL 3524292, *19 (6th Cir. 2011) the Sixth Circuit held for the first time that there is a classified information privilege and that the *Roviaro* standard controls:

> We conclude that the withheld information was properly found to be privileged. Moreover, we conclude that the information would not be helpful to the defense. We therefore hold that the district court judge's decisions to exclude the defendant from the protective order hearing and to withhold the information in its entirety were within her discretion.

*Id.* Based upon the legal authorities contained in the government's prior CIPA pleading, and also based upon the Sixth Circuit's recent *Hanna* opinion, the government submits that its classified information privilege can preclude discovery of the evidence at issue in this motion.

### III. The Classified Information at Issue Should Not be Disclosed to the Defense

[Redacted]

## CONCLUSION

For the foregoing reasons, the government's motion for a second protective order should be granted.

                              Respectfully submitted,

                              BARBARA L. MCQUADE
                              United States Attorney

                              s/Jonathan Tukel
                              Assistant United States Attorney
                              Chief, National Security Unit
                              211 W. Fort Street, Suite 2001
                              Detroit, MI  48226
                              Phone:  (313) 226-9100
                              E-mail: Jonathan.Tukel@usdoj.gov

                              s/Cathleen M. Corken
                              Assistant United States Attorney
                              211 W. Fort Street, Suite 2001
                              Detroit, MI  48226
                              Phone:  (313) 226-9100
                              E-mail: Cathleen.Corken@usdoj.gov

                              s/Michael C. Martin
                              Assistant United States Attorney
                              211 W. Fort Street, Suite 2001
                              Detroit, MI  48226
                              Phone:  (313) 226-9100
                              E-mail: Michael.C.Martin@usdoj.gov

Dated: September 23, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2011, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to Anthony Chambers. I further certify that I have caused a copy of this filing to be delivered and mailed to the defendant, Umar Farouk Abdulmutallab, Register No. 44107-039, Federal Detention Center, East Arkona Road Milan, Michigan.

                                    s/ Lindsay Black
                                    Legal Assistant
                                    U.S. Attorney's Office