UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

CRIMINAL NO. 2:10-CR-20005
HONORABLE NANCY G. EDMUNDS

v.

D-1, UMAR FAROUK ABDULMUTALLAB,

        Defendant.
_____/

### DEFENDANT'S MOTION TO STRIKE JUROR NUMBER 144 FOR CAUSE

COMES NOW standby/advisory counsel, ANTHONY T. CHAMBERS, for Defendant UMAR FAROUK ABDULMUTALLAB ("Defendant ABDULMUTALLAB"), and moves this Honorable Court for an order striking juror number 144 for cause. Defendant ABDULMUTALLAB files a supporting Brief and further states:

1    That Defendant ABDULMUTALLAB is charged with multiple counts under the First Superseding Indictment: Conspiracy to Commit an Act of Terrorism Transcending National Boundaries, in violation of 18 U.S.C. §§ 2332b(a)(1) and 2332b(a)(2) (Count One); Possession of a Firearm/Destructive Device in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(B)(ii), and 924(c)(1)(C)(ii) (Count Two); Attempted Murder within the Special Aircraft Jurisdiction of the United States, in violation of 18 U.S.C. §1113 and 49 U.S.C. §46506 (Count Three); Use and Carrying of a Firearm/Destructive Device During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(B)(ii), and 924(c)(1)(C)(ii) (Count Four);

Willfully Placing a Destructive Device in, Upon and in Proximity to a Civil Aircraft which was Used and Operated in Interstate, Overseas and Foreign Air Commerce, which was Likely to have Endangered the Safety of Such Aircraft, in violation of 18 U.S.C. §32(a)(2) (Count Five); Possession of a Firearm/Destructive Device in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(c)(1)(B)(ii), and 924(c)(1)(C)(ii) (Count Six); Attempted Use of a Weapon of Mass Destruction, in violation of 18 U.S.C. §2332a(a)(2) (Count Seven); and Willful Attempt to Destroy and Wreck a Civil Aircraft, in violation of 18 U.S.C. §§ 32(a)(8) and 32(a)(1) (Count Eight).

2. That the potential jurors completed Jury Questionnaires on September 14, 2011 and September 15, 2011

3. That juror number 144 was questioned individually on October 4, 2011

4. That based upon the answers she provided in her Jury Questionnaire and the responses she gave during individual jury selection, it is without question that juror number 144 cannot decide this case fairly nor can she be impartial.

5. That standby/advisory counsel challenged juror number 144 for cause.

6. That the Court "disallowed" standby/advisory counsel's challenge.

7. That juror number 144 has a preconceived notion that Defendant ABDULMUTALLAB is a terrorist who is guilty of the crimes charged

8. That juror number 144 should have been excused for cause simply because she expressed her incapacity to accept the proposition that "a defendant is presumed to be

innocent despite the fact that he has been accused in an indictment[.]" *See United States v. Hill*, 738 F.2d 152, 154 (6th Cir. 1984).

9.  That the Court did not excuse juror number 144 for cause.

10. That Defendant ABDULMUTALLAB has a minuscule amount of preemptory challenges.

11. That Defendant ABDULMUTALLAB should not be forced to use a preemptory challenge on a juror who is clearly biased.

12. That the Court's failure to strike juror number 144 absolutely violates Defendant ABDULMUTALLAB's constitutional right to a fair trial. *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an *impartial jury*") (emphasis added).

13. WHEREFORE, Defendant ABDULMUTALLAB requests that this Honorable Court strike juror number 144 for cause.

Respectfully Submitted,

/s/ Anthony T. Chambers
Anthony T. Chambers (P38177)
535 Griswold, Suite 1330
Detroit, Michigan 48226
(313) 964-5557
(313) 964-4801 Fax
achamberslaw@gmail.com

/s/ Umar Abdulmutallab

Dated: October 5, 2011

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

                                CRIMINAL NO. 2:10-CR-20005

       Plaintiff,            HONORABLE NANCY G. EDMUNDS

v.

D-1, UMAR FAROUK ABDULMUTALLAB,

       Defendant.

_____/

**<u>DEFENDANT'S BRIEF IN SUPPORT OF HIS
MOTION TO STRIKE JUROR 144 FOR CAUSE</u>**

      This brief is filed pursuant to the Sixth Amendment of the United States Constitution and is submitted by standby/advisory counsel ANTHONY T. CHAMBERS, for Defendant UMAR FAROUK ABDULMUTALLAB ("Defendant ABDULMUTALLAB").

      The Sixth Amendment of the United States Constitution provides that "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an *impartial jury*") (emphasis added). An impartial jury is one in which each individual juror is free from all bias and preconceptions, and who can decide the case solely on the evidence presented at trial.

      Juror number 144 took an oath that she would honestly answer all questions put to her. Based on the honest answers she provided in the Jury Questionnaire as well as during individual questioning, it is clear that she has a preconceived notion that Defendant ABDULMUTALLAB is a terrorist who is guilty of the crimes charged:

**A. Jury Questionnaire**

**QUESTION NUMBER 82**: Based on what you have read, heard or seen in the media, please tell us if you have formed any feelings or opinions about this case or about the defendant, Umar Farouk Abdulmutallab, or about what the appropriate outcome of the case should be?

**ANSWER**: When I first heard about it I figured he was guilty of being a terrorist.

**QUESTION NUMBER 83**: Based on what you have read, heard, or seen in the media, is there any reason why you could not sit as a fair and impartial juror in this case?

**ANSWER**: Unsure. From what I have heard it sounds like he is guilty of the crime.

### B. Individual Questioning

**MR. CHAMBERS**: In 2009, you were of the opinion that he must be guilty?

**THE JUROR**: Exact – yeah, yes.

**MR. CHAMBERS**: Okay. But if someone had asked you if your opinion had changed from that initial date right until before you came in here to fill out the questionnaire, it wouldn't have changed, would it?

**THE JUROR**: Probably.

**MR. CHAMBERS**: You probably would have still thought he was guilty, right?

**THE JUROR**: I guess.

**MR. CHAMBERS**: Let me ask you something specific. We've talked about whether or not you may think that he's guilty of the crime charged. You also made a statement that you figured that he was guilty of being a terrorist, that he was a terrorist. Remember that?

**THE JUROR**: That's what they said, basically what the media implied at the time, yes.

> **MR. CHAMBERS**: And that was your true and honest feeling at the time that you filled out the questionnaire, correct?
>
> **THE JUROR**: Yes, especially after 9/11, yes.
>
> **MR. CHAMBERS**: [I]n your mind particularly, . . . 9/11, the idea of a terrorist, as you put in your questionnaire, is something that sticks out to you, correct?
>
> **THE JUROR**: Yeah, I guess, yes.
>
> **MR. CHAMBERS**: And before you filled out this questionnaire and before you came here and answered questions today, that's what you thought Mr. Abdulmutallab was without hearing any evidence, correct?
>
> **THE JUROR**: Probably from the media, yes.

Count One charges a Conspiracy to Commit an Act of Terrorism Transcending National Boundaries. Pursuant to that count, the government is required to prove that Defendant ABDULMUTALLAB "conspired to engage in an act of terrorism." Based on the answers provided in the Jury Questionnaire and during individual questioning, it is quite clear that juror number 144 has relieved the government of its burden; she has already decided that Defendant ABDULMUTALLAB is a terrorist who is guilty of the crimes charged. This is a juror is not impartial and must be removed for cause.

In addition, during individual questioning, the Court thoroughly explained to juror number 144 the meaning of the "presumption of innocence." After this extensive explanation, the following exchange occurred between the Court and juror number 144:

> **THE COURT**: So if I said, okay, juror number 144, you have to vote right now, today, is this defendant guilty or not guilty, what would your vote be?
>
> **THE JUROR**: Neutral.

Clearly, juror number 144 does not understand the presumption of innocence. She must be excused on this basis. *See United States v. Hill*, 738 F.2d 152, 154 ("Certainly, a challenge for cause would be sustained if a juror expressed [her] incapacity to accept the proposition that a defendant is presumed to be innocent despite the fact that he has been accused in an indictment[.]").

Finally, juror number 144 admitted that she cannot be fair to Defendant ABDULMUTALLAB, and that in order to change her opinion that he is guilty, Defendant ABDULMUTALLAB would need to present some evidence:

> **MR. CHAMBERS**: And as you honestly sit here today, having had that opinion for quite sometime that Mr. Abdulmutallab was guilty, do you now sit here and think that you could be fair?
>
> **THE JUROR**: *Depending on the facts*, yes. (Emphasis added).
>
> **MR. CHAMBERS**: And when you say depending upon the facts, do you expect that he or the defense will provide you with some information to change your opinion?
>
> **THE JUROR**: Well, I hope there will be more to it, evidence.

The answer juror number 144 provided is proof that she does not respect the fundamental principle that the government has the burden to prove Defendant ABDULMUTALLAB's guilt. She also does not respect his constitutional right to remain silent; she believes Defendant ABDULMUTALLAB must prove his innocence. This is a juror who is not impartial and must be removed for cause.

WHEREFORE, Defendant ABDULMUTALLAB requests that this Honorable Court strike juror number 144 for cause.

Respectfully Submitted,

/s/ Anthony T. Chambers
Anthony T. Chambers (P38177)
535 Griswold, Suite 1330
Detroit, Michigan 48226
(313) 964-5557
(313) 964-4801 Fax
achamberslaw@gmail.com

/s/ Umar Abdulmutallab
Umar Abdulmutallab

Dated: October 5, 2011