UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

CRIMINAL NO. 2:10-CR-20005
HONORABLE NANCY G. EDMUNDS

v.

D-1, UMAR FAROUK ABDULMUTALLAB,

        Defendant.

_____

## DEFENDANT'S MOTION TO STRIKE
## JUROR NUMBER 222 FOR CAUSE

COMES NOW standby/advisory counsel, ANTHONY T. CHAMBERS, for Defendant UMAR FAROUK ABDULMUTALLAB ("Defendant ABDULMUTALLAB"), and moves this Honorable Court for an order striking juror number 222 for cause. Defendant ABDULMUTALLAB files a supporting Brief and further states:

1. That the potential jurors completed Jury Questionnaires on September 14, 2011 and September 15, 2011

2. That the individual voir dire process began on October 5, 2011

3. That juror number 222 was questioned individually on October 5, 2011

4. That based upon the answers he provided in his Jury Questionnaire and the responses he gave during individual jury selection, it is apparent that juror number 222 cannot decide this case fairly nor can he be impartial.

5. That standby/advisory counsel challenged juror number 222 for cause.

6. That the Court permitted juror number 222 to return for further questioning.

7. That juror number 222 has a preconceived notion that Defendant ABDULMUTALLAB is guilty of the crimes charged, and believes Defendant ABDULMUTALLAB must present "strong" evidence to convince him otherwise. This answer clearly indicates that juror 222 does not accept the principle of innocent until proven guilty.

8. That juror number 222 is clearly does not understand that the Government bears the burden of proof. Rather he believes that it is the Defendant that must prove to him that he is innocent.

9. That juror number 222 has these preconceptions notwithstanding the fact that he stated he understood the presumption of innocence, and that principle that the government has the burden to prove Defendant ABDULMUTALLAB is guilty beyond a reasonable doubt.

10. That juror number 222's opinions and preconceived notions are so firmly planted in his mind that they will be with him throughout the trial, follow him into the jury room, and remain without him throughout the course of deliberation.

11. That juror number 222 is unable to set his opinions aside and decide this case based solely on the evidence presented at trial.

12. That the Court did not excuse juror number 222 for cause.

13. That Defendant ABDULMUTALLAB has a minuscule amount of preemptory challenges.

14. That Defendant ABDULMUTALLAB should not be forced to use a preemptory challenge on a juror who is clearly biased.

15. That the Court's failure to strike juror number 222 violates Defendant ABDULMUTALLAB's constitutional right to a fair trial. *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an *impartial jury*") (emphasis added).

WHEREFORE, Defendant ABDULMUTALLAB requests that this Honorable Court strike juror number 222 for cause.

Respectfully Submitted,

s/ Anthony T. Chambers
Anthony T. Chambers (P38177)
535 Griswold, Suite 1330
Detroit, Michigan 48226
(313) 964-5557
(313) 964-4801 Fax
achamberslaw@gmail.com

_____
Umar Farouk Abdulmutallab

Date: October 6, 2011

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        CRIMINAL NO. 2:10-CR-20005
    Plaintiff,       HONORABLE NANCY G. EDMUNDS

v.

D-1, UMAR FAROUK ABDULMUTALLAB,

    Defendant.

_____

**DEFENDANT'S BRIEF IN SUPPORT OF HIS**
**MOTION TO STRIKE JUROR 222 FOR CAUSE**

    This brief is filed pursuant to the Sixth Amendment of the United States Constitution and is submitted by standby/advisory counsel ANTHONY T. CHAMBERS, for Defendant UMAR FAROUK ABDULMUTALLAB ("Defendant ABDULMUTALLAB").

    The Sixth Amendment of the United States Constitution provides that "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an *impartial jury*" (emphasis added). An impartial jury is one in which each individual juror is free from all bias and preconceptions, and who can decide the case solely on the evidence presented at trial.

    Juror number 222 took an oath that he would honestly answer all questions put to him. Based on the honest answers he provided in the Jury Questionnaire as well as during individual questioning, it is clear that he has a preconceived notion that Defendant ABDULMUTALLAB is guilty of the crimes charged:

4

A. **Jury Questionnaire**

    **QUESTION NUMBER 82:** Based on what you have read, heard or seen in the media, please tell us if you have formed any feelings or opinions about this case or about the defendant, Umar Farouk Abdulmutallab, or about what the appropriate outcome of the case should be?

    **ANSWER:** I can listen to facts and evidence to decide – but all things point to guilt right now. I have to state I feel he is guilty.

    **QUESTION NUMBER 83:** Based on what you have read, heard, or seen in the media is there any reason why you could not sit as a fair and impartial juror in this case?

    **ANSWER:** Unsure. The evidence would have to be strong to change my opinion.

    **QUESTION NUMBER 95:** Do you know of any reason whatsoever why you cannot sit as a juror in this case and decide it fairly and impartially according to the law?

    **ANSWER:** It would have to be strong evidence to change opinion.

B. **Individual Questioning**

    **THE COURT:** Okay. So what I'm really asking is can you go into this case with a completely open mind and wait for the government to present evidence to convince you beyond a reasonable doubt with respect to each of the charges brought in the indictment, and not say I think he's guilty and it's up to the defendant to disprove that? That's a different process.

    **THE JUROR:** Yes, I understand that. Well, I guess *what was in my mind was what I read has been planted there so firmly* that I guess when I was filling out the questionnaire, I was saying I have to see something to change my mind on that, but in listening to what you're talking about, I do understand that I have to *kind of* erase that and just wait and hear what the prosecution has to say about it, yes.

    **MR. CHAMBERS:** When you filled out the questionnaire, you knew at the time that you filled out this questionnaire that a person charged with a crime is presumed to be innocent, correct?

    **THE JUROR:** Yes.

5

**MR. CHAMBERS**: And at the time that you filled out this questionnaire and before you filled out this questionnaire, you knew that a person who was charged with a crime, it's the burden of the prosecutor to prove beyond a reasonable doubt each and every element of an offense, correct?

**THE JUROR**: Yes.

**MR. CHAMBERS**: And at the time that you filled out this questionnaire, you certainly wanted to be as open and complete and honest with us about your feelings and your opinions, correct?

**THE JUROR**: Yes.

**MR. CHAMBERS**: And you did that, am I right?

**THE JUROR**: Yes, I did.

**MR. CHAMBERS**: And even though you knew that there was a presumption of innocence and there was a requirement of proof beyond a reasonable doubt, you still said you have a feeling that he's guilty, correct?

**THE JUROR**: Yes, I did say that, or I did write that, I should say.

**MR. CHAMBERS**: And when you wrote it you meant it, didn't you?

**THE JUROR**: Yeah, at that time, yes.

**MR. CHAMBERS**: And that was even knowing there was a presumption of innocence and that the government had to prove the case beyond a reasonable doubt, you still thought he's guilty.

**THE JUROR**: Right.

**MR. CHAMBERS**: And furthermore, knowing at the time that you filled out this questionnaire that there was a presumption of innocence for any defendant, not just Mr. Abdulmutallab, you put that you had a – it would take some strong evidence to change your opinion, correct?

**THE JUROR**: Yes, I did write that.

**MR. CHAMBERS**: And you meant that, didn't you?

**THE JUROR**: At that time, yes, I did.

**MR. CHAMBERS**: All right. And you still mean it today, don't you?

6

**THE JUROR**: Yeah, I have an opinion of that[.]

**MR. CHAMBERS**: And having that opinion that it would take some strong evidence, that was even after you knew there was a presumption of innocence, correct?

**THE JUROR**: Correct.

**MR. CHAMBERS**: And that was even after you knew that the prosecution has to prove their case beyond a reasonable doubt, correct?

**THE JUROR**: Correct.

**MR. CHAMBERS**: That was even after you knew that the defendant has no burden of proving or providing anything. You said you have to have strong evidence to overcome your belief that he's guilty, correct?

**THE JUROR**: Well, I guess what I'd have to articulate there was when I was writing it, I'm looking at the, it was eight counts or whatever were read off, those were in my mind, or those are the things he's being accused of, I'm thinking, you know, that is why I wrote it on my paper is that he'd have to, as they were presenting those eight things, be able to show those eight things didn't happen.

**MR. CHAMBERS**: And in this questionnaire they talked about he had no burden of producing or providing anything, correct?

**THE JUROR**: Correct.

**MR. CHAMBERS**: And you still put down it would take strong evidence to change your opinion.

**THE JUROR**: Yes, I did.

**MR. CHAMBERS**: And the strong evidence that you're speaking of that would be required to change your opinion is strong evidence from the defendant, isn't it?

**THE JUROR**: At that point, it would have been, yes.

**MR. CHAMBERS**: And at that point you knew he had no obligation to provide any evidence but you still thought that he should have to have strong evidence.

7

**THE JUROR**: Right.

**MR. CHAMBERS**: [Y]ou were having a problem with the law because of your opinion, isn't that correct?

**THE JUROR**: Because my opinion was already there, yes.

**MR. CHAMBERS**: And your opinion is something you're going to keep with you, isn't it?

**THE JUROR**: Well . . . I *try* to ignore all aspects of what's going on since I was brought in this process, *tried* to clear my mind of that.

**MR. CHAMBERS**: In trying to clear your mind of this, the Court asked you about having a completely open mind. You agree you don't have a completely open mind, do you?

**THE JUROR**: Probably not.

**MR. CHAMBERS**: You probably think he's still guilty, don't you?

**THE JUROR**: I'm *trying* not to think that way[.]

**MR. CHAMBERS**: But you probably do, don't you?

**THE JUROR**: Yeah.

**MR. CHAMBERS**: [Y]ou agree with me you don't have a completely open mind to this case, do you?

**THE JUROR**: Probably not, no.

Any defendant who is charged with a crime in the United States of America – citizens and noncitizens alike – are entitled to certain constitutional rights. These rights include the right to remain silent, and the right to be presumed innocent unless and until the government has proven each element of the charges beyond a reasonable doubt.

Juror number 222 understood these rights before he filled out the Jury Questionnaire, while he filled out the Jury Questionnaire, and while he responded to questions during individual questioning.

It is without question that he has completely disregarded those rights in this case. Juror number 222 has relieved the government of its burden to prove each and every element of the crimes charged beyond a reasonable doubt, and put the burden on the defense to prove he is not guilty.

In addition, juror number 222 stated that he could "try" to put his opinion of guilt aside and decide this case based solely on the evidence. "Trying" is not good enough. We need jurors who are confident that they can decide this case based solely on the evidence presented at trial. This juror lacks that confidence; his opinions are so firmly planted in his mind that they will be with him throughout the trial, follow him into the jury room, and remain without him throughout the course of deliberation.

Juror number 222 is only confident about three things: (1) he does not have an open mind about this case; (2) Defendant ABDULMUTALLAB is guilty; and (3) Defendant ABDULMUTALLAB must present "strong" evidence to prove his innocence. Juror number 222 is not impartial and must be removed for cause.

WHEREFORE, Defendant ABDULMUTALLAB requests that this Honorable Court strike juror number 222 for cause.

                    Respectfully Submitted,

                    s/ Anthony T. Chambers
                    Anthony T. Chambers (P38177)
                    535 Griswold, Suite 1330
                    Detroit, Michigan 48226
                    (313) 964-5557
                    (313) 964-4801 Fax

achamberslaw@gmail.com

_____
Umar Farouk Abdulmutallab

Date: October 6, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
        Plaintiff,

CRIMINAL NO. 2:10-CR-20005
HONORABLE NANCY G. EDMUNDS

v.

D-1, UMAR FAROUK ABDULMUTALLAB,
        Defendant.

## CERTIFICATION

I hereby certify that the forgoing papers were electronically filed this date, served electronically or by mail to the following:

**AUSA JONATHAN TUCKEL**
United States Attorneys Office
211 West Fort Street, Suite 2001
Detroit, MI 48226
jonathan.tukel@usdoj.gov

**AUSA CATHLEEN CORKEN**
United States Attorneys Office
211 West Fort Street, Suite 2001
Detroit, MI 48226

**AUSA MICHAEL MARTIN**
United States Attorneys Office
211 West Fort Street, Suite 2001
Detroit, MI 48226

**Umar Farouk Abdulmutallab**
Register No. 44107-039
Federal Detention Center
FCI – Milan, Michigan

Date: October 6, 2011        By: s/ Anthony T. Chambers