UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,                    CASE NO. 2:10-cr-20005

    Plaintiff,                                HONORABLE NANCY G. EDMUNDS

-vs-

D-1   UMAR FAROUK ABDULMUTALLAB,

    Defendant.

——————————————————————/

## RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION FOR NEW STAND-BY COUNSEL

### INTRODUCTION

Defendant Abdulmutallab has filed a motion asking the Court to remove Anthony Chambers as his stand-by counsel.  Docket Entry 122, page i.d. 1094 *et seq*.  For the reasons stated, the government is opposed to the request.  The government further asks that the Court to supplement the record by posing the suggested questions to Defendant Abdulmutallab and Anthony Chambers.

### ARGUMENT

    A.    Because Defendant Represents Himself, He has
             No Right to Standby Counsel, Let Alone Standby
             Counsel of His Choice

It is of course quite obvious at this date that defendant has waived his right to counsel, and thus represents himself.  Courts have wide latitude to appoint standby counsel to a *pro se* defendant, but many if not most of the reasons for that have to do with protecting the courts' interests, not a defendant's.  *See McKaskle v. Wiggins*, 465 U.S. 168, 183-184 (1984) (Right to proceed *pro se* is not infringed "when counsel merely helps to ensure the defendant's compliance with basic rules of courtroom protocol and procedure. . .  A defendant does not have a constitutional right to receive

personal instruction from the trial judge on courtroom procedure. Nor does the Constitution require judges to take over chores for a *pro se* defendant that would normally be attended to by trained counsel as a matter of course."). Defendant raises no claim that Anthony Chambers has failed in these regards which, in any event, would be grounds for the Court rather than Defendant to be dissatisfied with Mr. Chambers. To the extent defendant has other complaints about standby counsel, he is free to request representation by counsel for future proceedings.

      B.      Granting Defendant's Motion Likely Would Work a Delay
                  In the Proceedings

If the Court were to appoint new standby counsel, it is a near-certainty that whomever the Court were to appoint would seek to delay the scheduled January 19, 2012, sentencing, to have more time to become familiar with the evidence and the proceedings to date. See October14, 2010, Tr., at 5-6 (Anthony Chambers, newly appointed as standby counsel, stating that he could not proceed without full discovery and at least 90 days to review it); *id* at 7 (Court ordering government to provide discovery to standby counsel over defendant's objection). The only thing which has changed between October, 2010, and today is that if new standby counsel is appointed, in addition to familiarizing himself with the discovery, he will also have to become acquainted with two days of trial, defendant's guilty plea, and, perhaps, three long days of jury selection. The issue becomes even more complicated because defendant states that "I do not intend to have my new attorney have access to my Discovery material and things like that." Defendant's Motion, page i.d. 1096. Thus, appointing new standby counsel will almost certainly create immediate conflict between Defendant and that attorney as well as the Court, which previously ruled that discovery is so important to standby counsel that the Court would order access to it even over Defendant's objection. October14, 2010, Tr., at 7.

This case is now two years old.  Defendant pleaded guilty more than two months ago. Numerous passengers from Flight 253 have made arrangements to be in Court on January 19, 2012, the date set for sentencing.  Many of those passengers have indicated a desire to address the Court at sentencing.  Many of those passengers understandably have had psychological and emotional difficulties as a result of defendant's terrorist acts which they witnessed on Flight 253.  For many of those passengers, sentencing and the completion of the present case are necessary to allow them to have closure and to move on with their lives; further delays obviously will frustrate those goals.

Moreover, even if there were some significant justification for appointing new standby counsel (which there does not appear to be), the Court might nevertheless hesitate to do so based on defendant's dilatory conduct.  In his motion, defendant states that he was displeased with standby counsel as far back as the time of his guilty plea.  See Motion, page i.d. 1094 ("I did mention in court I wasn't totally pleased with them . . .").  The last time defendant was "in court" was October 12, 2011, when he pleaded guilty, so that must be the event to which he refers.  Yet defendant did not bring this matter to the Court's attention until December 19, more than two months later.  Thus, any concerns which might be raised by the prospect of delaying the proceedings is only exacerbated by the fact that defendant himself has caused an additional two month delay (which will be almost three months by the scheduled hearing date on the instant motion of January 6, 2012).

     C.     **Because Defendant Has Made No Showing of Any Deficiencies on the Part of Anthony Chambers, The Court Should Make Further Inquiry and Take Action to Address Any Issues it Identifies**

Defendant complains that his standby counsel has not brought him certain documents he requested.  It is not immediately apparent what documents those would be; defendant personally had full discovery, as did standby counsel, and since the time he pleaded guilty no new documents have been filed with the Court.  The government asks that the Court inquire of defendant and Anthony Chambers what documents he requested, if any, and if it is determined that defendant has not previously had access to such documents, to direct standby counsel immediately to provide them.  Similarly, the Court should inquire whether standby counsel has visited with defendant, and if he has not, and if a visit is necessary or advisable, to direct standby counsel to do so promptly.  Such a course of action will clarify the record, and will also address the issues defendant has raised, without starting the proceedings over from scratch with brand new standby counsel.

CONCLUSION

For the reasons stated, the government asks that the Court make the suggested inquiries, and deny defendant's request for the appointment of new standby counsel.

Respectfully submitted,

BARBARA L. McQUADE
United States Attorney,
Eastern District of Michigan

s/ Jonathan Tukel
Assistant U.S. Attorney
Chief, National Security Unit
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9749
Email: Jonathan.Tukel@usdoj.gov

s/Cathleen M. Corken
Assistant U.S. Attorney
    211 West Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-0206
Email: Cathleen.Corken@usdoj.gov

s/ Michael C. Martin
Assistant U.S. Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9670
Email: Michael.C.Martin@usdoj.gov

Dated: January 3, 2012

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2012, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to Anthony Chambers.  I further certify that I have caused a copy of this filing to be delivered and mailed to the defendant, Umar Farouk Abdulmutallab, Register No. 44107-039, Federal Detention Center, East Arkona Road Milan, Michigan.

s/ Lindsay Black<br>
Legal Assistant<br>
U.S. Attorney's Office