**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,
        Plaintiff,

v.

D-1, UMAR FAROUK ABDULMUTALLAB,
        Defendant.
_____/

CRIMINAL NO. 2:10-CR-20005
HONORABLE NANCY G. EDMUNDS

## DEFENDANT ABDULMUTALLAB'S RESPONSE TO THE GOVERNMENT'S SENTENCING MEMORANDUM

NOW COMES Defendant, UMAR FAROUK ABDULMUTALLAB (Defendant ABDULMUTALLAB), by and through standby-counsel ANTHONY T. CHAMBERS, in its response to the Government's Sentencing Memorandum.

In support of said motion, Defendant further states as follows:

1. That on February 10, 2012, the Government filed a sentencing memorandum in the instant case.

2. That in its memorandum the Government makes several claims and they eventually ask the Court to impose the maximum sentence for each count.

3. That several of the Government's claims are unsupported and exaggerate certain facts and circumstances.

4. That in consideration of all the circumstances in this case, including the fact that the Defendant does not have a criminal history, his age, his upbringings, and the likely possibility of the Defendant reforming, a sentence less than life would certainly promote respect for the law.

5. That the Government makes several claims about "what could have happened" aboard the flight but they never once put any emphasis on what did actually transpire. There we no casualties, and no passengers suffered any life-threatening injuries. A life sentence is not warranted under these circumstances.

6. That in their memorandum the Government mentions several times that the Defendant has a "continuing obligation" to carry out his crime and fulfill his mission. *See* Government Sentencing Memorandum, pg. 4. Such a statement is clearly unsupported and is nothing more than a suggestion by the Government to seek a sentence that would benefit this current administration in a political sense.

7. That nothing has been produced of any substance that indicates the Defendant cannot be reformed and rehabilitated.

8. That all the information produced by the Government in their sentencing memorandum in regards to the Defendant's future conduct is speculative.

9. That the Government even attempts to use the theory of Dr. Simon Perry to suggest that the Defendant could never be reformed. The Government believes that Dr. Perry would have testified at trial as an expert on the concepts of martyrdom and jihad and as such they wish to use his theories during the sentencing and treat them as truth. However, Dr. Simon Perry was never qualified as an expert and for this court to consider any of his suggestions for sentencing purposes would be improper. Dr. Perry studied at the Hebrew University in Jerusalem. Aside from the negative implications and inaccuracies involved with an individual trying to predict another's future conduct, Dr. Perry quite possibly

could have a strong bias towards Muslims given the strong and deep-seeded tensions that have existed between those of Jewish and Muslim faith.

10. That any such testimony or suggestion is unreliable and contradictory to the Defendant's Due Process Rights.

WHEREFORE, Defendant ABDULMUTALLAB respectfully requests that this Court deny the Government's request and issue a sentence below the advisory guideline range.

Respectfully Submitted,

s/ Anthony T. Chambers  
Anthony T. Chambers (P38177)  
535 Griswold, Suite 1330  
Detroit, Michigan 48226  
(313) 964-5557  
(313) 964-4801 Fax  
achamberslaw@gmail.com

Date: February 14, 2012

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,
        Plaintiff,                                            CRIMINAL NO. 2:10-CR-20005
                                                              HONORABLE NANCY G. EDMUNDS
    v.

D-1, UMAR FAROUK ABDULMUTALLAB,
        Defendant.
_____/

## BRIEF IN SUPPORT OF DEFENDANT ABDULMUTALLAB'S RESPONSE TO THE GOVERNMENT'S SENTENCING MEMORANDUM

      The Government recently filed a sentencing memorandum in which they seek a life sentence for the Defendant, as they believe any sentence less than life would fail to provide just punishment. The Government offers several arguments to further their cause. However, none of the Government's arguments are legally based. Instead the Government attempts to justify a life sentence by using what they perceive to be moral logic, and the mere suggestions of individuals that have not been qualified by this court as experts. The Government is relying on unlikely probabilities. Such suggestions and inferences have no place in a court of law.

      The Government also alludes to the Defendant's alleged future dangerousness as if they can properly assess human behavior and the effects prison can have towards one's rehabilitative efforts. Any such suggestion is counter-productive towards our penal system's goal of reformation for each and every prisoner.

      Instead of focusing on what could have happened, and what might happen in the future, this court should make a ruling on what did happen. The fact still remains that there were no causalities and no passengers were seriously injured. The Defendant also

4

has a strong and supportive family that would do everything in their power to ensure that such an incident would never occur again if the Defendant were ever released. In consideration of all the circumstances in the instant matter a life sentence is not warranted.

I. THE DEFENDANT SHOULD NOT RECEIVE A LIFE SENTENCE BECAUSE THERE WERE NO CASUALITIES AND NO PASSENGERS SUFFERED LIFE THREATENING INJURIES

The imposition of a mandatory life sentence under the facts in this case would be a misinterpretation of justice and does not follow the customary correlation between crime and punishment. The Government makes mention of the term "just punishment" throughout its sentencing memorandum. Life imprisonment cannot possibly be just considering that there is not one single victim. Not one passenger lost his or her life. Not one passenger suffered life-threatening injuries.

The Government is focusing its argument on "what-ifs" and mere probabilities. The law does not operate in this manner. No matter how the argument is interpreted the facts remains that the Defendant does not have a prior criminal record, there were no casualities, and the Defendant is a likely candidate for rehabilitation. The Defendant has the support system around him making recidivism highly unlikely.

II. THE DEFENDANT SHOULD NOT RECEIVE A LIFE SENTENCE BECAUSE IT IS IMPOSSIBLE TO PREDICT AN INDIVIDUAL'S FUTURE DANGEROUSNESS AFTER SPENDING A CONSIDERABLE AMOUNT OF TIME IN A CORRECTIONAL FACILITY

The Government believes that the Defendant can never be reformed. In their memorandum the Government mentions several times that the Defendant has a "continuing obligation" to carry out his crime and fulfill his mission. *See* Government

Sentencing Memorandum, pg. 4. This was based in large part on the findings of Dr. Simon Perry, who the Government also believes was qualified to testify during trial as an expert on martyrdom and jihad. To support his claims and prove its accuracy "Dr. Perry and a team conducted research into the motivation of forty failed suicide bombers, and developed a psychological profile of such individuals." *See* Government Sentencing Memorandum, pg. 5. Dr. Perry went on to conclude that "there is a high probability that given the opportunity, he would try once again to commit an act of martyrdom, endangering his and other innocent lives." *See* Government Sentencing Memorandum, pg. 6.

Dr. Perry makes these assertions about the Defendant's commitment to jihad and martyrdom but it is clear that his research is incomplete. Nowhere within his report did he mention interviewing a failed suicide bomber twenty-five or thirty years later. And even if he did, one cannot use those answers and apply it universally across the board. There are different facts and different circumstances with each individual.

Any consideration by this court of Dr. Perry's suggestions would be wholly improper. Dr. Perry simply is not qualified nor in a position to make any inferences or suggestions about the Defendant possible future dangerousness.

WHEREFORE, Defendant ABDULMUTALLAB respectfully requests that this Court deny the Government's request and issue a sentence below the advisory guideline range.

Respectfully Submitted,

s/ Anthony T. Chambers
Anthony T. Chambers (P38177)

535 Griswold, Suite 1330
Detroit, Michigan 48226
(313) 964-5557
(313) 964-4801 Fax
achamberslaw@gmail.com

Date: February 14, 2012

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF AMERICA,
        Plaintiff,

CRIMINAL NO. 2:10-CR-20005
HONORABLE NANCY G. EDMUNDS

v.

D-1, UMAR FAROUK ABDULMUTALLAB,
        Defendant.
_____/

## CERTIFICATION

I hereby certify that the forgoing papers were electronically filed this date, served electronically or by mail to the following:

**AUSA JONATHAN TUCKEL**
United States Attorneys Office
211 West Fort Street, Suite 2001
Detroit, MI 48226
jonathan.tukel@usdoj.gov

**AUSA CATHLEEN CORKEN**
United States Attorneys Office
211 West Fort Street, Suite 2001
Detroit, MI 48226

**AUSA MICHAEL MARTIN**
United States Attorneys Office
211 West Fort Street, Suite 2001
Detroit, MI 48226

Date: February 15, 2012    By: s/ Anthony T. Chambers

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
        Plaintiff,

v.

D-1, UMAR FAROUK ABDULMUTALLAB,
        Defendant.

_____/

CRIMINAL NO. 2:10-CR-20005
HONORABLE NANCY G. EDMUNDS

### DEFENDANT ABDULMUTALLAB'S RESPONSE TO THE GOVERNMENT'S SENTENCING MEMORANDUM

*[signature]*

Umar Farouk Abdulmutallab
Register #44170-039
Milan Correctional Facility

Date: February 15, 2012